**Douglas B. ROBERTS, State Treasurer, Plaintiff,**

v.

**James BAUGH, #251238, and Chrysler Corporation, Defendants.**

No. 97-70004.

United States District Court, E.D. Michigan, · Southern Division.

Oct. 20, 1997.

Daniel M. Levy, Michigan Dept. of Atty. General, Collections Division, Detroit, MI, for Plaintiff.

Charles H. Novelli, Hazel Park, MI, Gregory J. Ridella, Leon Hardiman, Chrysler Corporation, Office of the General Counsel, Auburn Hills, MI, for Defendant.

*OPINION AND ORDER*

ZATKOFF, District Judge.

## I. INTRODUCTION

This matter is before the Court on defendant Chrysler Corp.'s motion for summary judgment. Plaintiff has filed a response to which defendant has replied. The facts and legal arguments are adequately presented in the briefs, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D.Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons that follow, defendant's motion is GRANTED.

## II. BACKGROUND

Defendant James Baugh is a Chrysler Corporation retiree and receives a monthly pension benefit pursuant to the Chrysler–UAW Pension Agreement (hereinafter "Plan"). He is currently a prisoner at Michigan's Cotton Correctional Facility. State Treasurer Roberts (hereinafter "plaintiff") filed an action pursuant to the State Correctional Facility Reimbursement Act (hereinafter "SCFRA"), Mich.Comp.Laws Ann. § 800.401 *et seq;* Mich.Stat.Ann. § 28.1701 *et seq* as amended, seeking a court order naming the correctional facility's warden as the receiver of defendant James Baugh's assets. The Court order would instruct the Plan to mail defendant Baugh's pension benefits to him at his current address where they would be deposited into Mr. Baugh's personal prison account. Plaintiff then seeks to have a portion of these deposited funds used to partially reimburse plaintiff for the costs of defendant Baugh's incarceration.

Both parties agree that the Plan is covered by the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. sec. 1000 *et seq.* Defendant argues that plaintiff's demands violate ERISA, which prohibits the assignment and alienation of a participant's pension benefits. Defendant Chrysler Corp. filed the instant motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons that follow, defendant's motion shall be GRANTED.

### A. Summary Judgment

Under Rule 56, summary judgment is appropriate, after adequate time for discovery, only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See e.g. Celotex Corp. v. Catrett,* 477 U.S. 317, 320, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). The Supreme Court has stated that the standard the Court must apply in determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251, 106 S.Ct. at 2512.

In applying this standard, the Court must view all materials offered in support of a motion for summary judgment in the light most favorable to the non-moving party. *Id.* at 247, 106 S.Ct. at 2510. Where the non-moving party has failed, however, to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant and thus summary judgment is appropriate. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### B. Reimbursement for Incarceration Costs

Under Michigan Law, plaintiff may seek reimbursement for incarceration costs where the prisoner is able to pay for his or her maintenance. Plaintiff may also appoint a receiver pending resolution of a claim. Mich. Comp.Laws Ann. § 800.401 *et seq.* The purpose of the SCFRA is:

> to provide procedures for securing reimbursement to the state of the expenses incurred by the state for the cost of care of certain prisoners in state correctional facilities; to provide procedures for securing the reimbursement of expenses to be incurred by the state in regard to the future cost of care of such prisoners; and to prescribe certain powers and duties of certain state and local public officers and officials.

Mich.Comp.Laws Ann. § 800.401.

The SCFRA also gives plaintiff the power to appoint a receiver "[t]o protect and maintain assets pending resolution of an action under this act." Mich.Comp.Laws Ann. § 800.404a(2).

## C. Employment Retirement Income Security Act

### 1. Anti–Alienation Provision

Under ERISA, benefits provided under the plan may not be assigned or alienated. "Each plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The purpose of ERISA's proscription on alienation and assignment is to protect an employee from his own financial improvidence in dealing with third parties. The provision is not intended to alter traditional support obligations, but rather to assure that the employee and his beneficiaries reap the ultimate benefits due upon retirement. *See Stinner v. Stinner*, 554 A.2d 45, 520 Pa. 374, cert. den. 492 U.S. 919, 109 S.Ct. 3245, 106 L.Ed.2d 591 (1989). The anti-alienation rule extends to voluntary and involuntary assignments such as garnishments. *Commercial Mortgage Insurance Inc. v. Citizens National Bank of Dallas*, 526 F.Supp. 510 (N.D.Tex.1981). Similarly, courts have also held that restitution orders violate ERISA's anti-alienation clause. *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990); *U.S. v. Smith*, 47 F.3d 681 (4th Cir.1995).

### 2. Preemption Provision

ERISA subjects all employee benefit plans to federal regulation. It is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361–362, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980); *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 510, 101 S.Ct. 1895, 1899, 68 L.Ed.2d 402 (1981); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). ERISA is designed to protect "the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information" and by establishing "standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans." 29 U.S.C. 1001(b).

ERISA includes a preemption provision which provides that ERISA will "supersede any and all state laws" to the extent that those laws "relate to" any employee benefit plan that is subject to ERISA, thereby eliminating the confusion of conflicting state regulations. 29 U.S.C. 1144(a). Congress intended that ERISA create a uniform federal system under which pension plans could be regulated. House Representative Dent, a sponsor of the bill, stated: "With the preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent state and local regulation." 120 Cong.Rec. 29197, *quoted in Shaw v. Delta, Inc.*, 463 U.S. 85, 99, 103 S.Ct. 2890, 2901, 77 L.Ed.2d 490 (1983). The preemption provision was enacted to "establish pension plan regulations as exclusively a federal concern." *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981).

There is, however, a limit to the reach of the preemption effect on state laws. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, 103 S.Ct. 2890, 2901, 77 L.Ed.2d 490 (1983) (*citing American Telephone and Telegraph Co. and Chemical Bank v. Merry*, 592 F.2d 118, 121 (2d Cir. 1979) (state garnishment of a spouse's pension income to enforce alimony and support orders is not preempted)).

## III. ANALYSIS

Plaintiff does not dispute that the SCFRA would be preempted if reimbursement for incarceration costs violates ERISA. Plaintiff's Response, p. 1. Plaintiff argues, however, that reimbursement under state law does not violate ERISA. Plaintiff requests that this Court order the Plan to mail Mr. Baugh's pension benefits to him at his current address in prison where they are to be deposited into Baugh's personal prison account. Plaintiff then seeks to have a portion of these deposited funds used to reimburse the State for incarceration costs.

Defendant Chrysler Corp. contends that this Court should not grant plaintiff's SCFRA claim because reimbursement under the SCFRA violates ERISA. Defendant argues that reimbursement under the SCFRA would amount to an assignment of Mr. Baugh's pension benefits to plaintiff. Such an assignment is specifically prohibited by ERISA. 29 U.S.C. § 1056(d)(1). Plaintiff argues, however, that an order to deposit funds in Mr. Baugh's prison account would not operate as an assignment. Instead, plaintiff contends that ERISA does not apply to funds once they are deposited into the prison account. The Court finds plaintiff's arguments unpersuasive.

The Court agrees that once pension benefits are placed in a personal account, ERISA no longer operates to protect those funds. *See Trucking Employees of North Jersey Welfare Fund, Inc. v. Colville,* 16 F.3d 52 (3d Cir.1994). However, in the instant case, defendant Chrysler Corp. would not be voluntarily depositing the pension funds into Mr. Baugh's personal prisoner account but would be doing so only by court order. Such an involuntarily transfer clearly constitutes an assignment.

Black's Law Dictionary defines an assignment as:

> The act of transferring to another all or part of one's property interest, or rights. A transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein. (Citation omitted) It includes transfers of all kinds of property including negotiable instruments.

Black's Law Dictionary 109 (5th ed. 1979). Therefore, an order by this Court forcing Chrysler Corp. to deposit pension funds into an account from which plaintiff may withdraw monies clearly operates as an assignment.

Moreover, the United States Supreme Court held that the involuntary transfer of ERISA benefits is prohibited under the anti-alienation clause. *See, Guidry v. Sheet Metal Workers National Pension Fund,* 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990). Because ERISA does not permit an involuntary assignment, plaintiff's request for reimbursement under the SCFRA violates ERISA and is therefore preempted.

Although application of the anti-alienation rule begets an unsettling result in the instant case, this Court will not craft an exception to ERISA in the absence of Congressional direction. The U.S. Supreme Court addressed the same issue in *Guidry.* In *Guidry,* the Supreme Court declined to craft a restitution exception to ERISA.

> Nor do we think it appropriate to approve any generalized equitable exception—either for employee malfeasance or for criminal misconduct—to ERISA's prohibition on the assignment or alienation of pension benefits. Section [1056(d)(1)] reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensions (and their dependents, who may be and perhaps usually are blameless), even if that decision prevents others from securing relief for the wrongs done to them. If exceptions to this policy are to be made, it is for Congress to undertake that task.

*Guidry,* 493 U.S. at 376, 110 S.Ct. at 687.

The Sixth Circuit Court of Appeals, relying on *Guidry,* also declined to craft a judicial exception to ERISA. In *United Metal Products Corp. v. National Bank of Detroit,* 811 F.2d 297 (6th Cir.1987), the court held that although the defendant was convicted of embezzlement, her pension and profit sharing fund could not be garnished by the plaintiff. In rejecting a fraud exception to the anti-alienation provision, the Sixth Circuit stated:

> Nevertheless, while the instant case is most compelling, we can conceive of countless factual situations that would present equally persuasive opportunities to create exceptions to the anti-alienation law ... As a result, presented with competing applicants for pension funds, courts would find themselves engaging in a sensitive balancing of factual equities and conflicting policies. While courts are undoubtedly up to the task of such balancing, we feel that the call to do so should come from Congress, and not this Court.

*Id.* at 300; *see also In re Bell & Beckwith,* 5 F.3d 150 (6th Cir.1993). In the absence of

congressional direction, this Court refuses to craft a public policy exception to ERISA. Therefore, plaintiff's state law reimbursement claim under the SCFRA violates ERISA and is thereby preempted.

## IV. CONCLUSION

The Court therefore finds that the SCFRA is preempted by ERISA. There being no genuine issue of material fact, defendant is entitled to summary judgment.

Therefore, IT IS ORDERED that defendants' Motion for Summary Judgment is GRANTED. Accordingly, plaintiff's claim against defendant Chrysler Corp. and defendant Baugh for reimbursement by assignment of the Plan is dismissed.

**IT IS SO ORDERED.**

### *JUDGMENT*

IT IS ORDERED AND ADJUDGED that pursuant to this Court's Order dated October 20, 1997, plaintiff's action is hereby dismissed.