STATE TREASURER v ABBOTT

Docket No. 223567. Submitted November 7, 2001, at Lansing. Decided December 28, 2001, at 9:15 A.M. Leave to appeal granted, 466 Mich 860.

The State Treasurer brought an action in the Clinton Circuit Court against Thomas K. Abbott and others, seeking pursuant to the State Correctional Facility Reimbursement Act, MCL 800. 401 *et seq.*, partial distribution of Abbott's monthly pension from General Motors Corporation to the state of Michigan for the cost of caring for Abbott while he is incarcerated in a state correctional facility. The court, Randy L. Tahvonen, J., issued an order directing Abbott to change his pension address to his prison address, appointing the warden of Abbott's prison as receiver of Abbott's pension checks, and directing partial distribution of the pension to the state as reimbursement for the cost of Abbott's incarceration. The Court of Appeals denied Abbott leave to appeal. The Supreme Court, in lieu of granting leave, remanded the matter to the Court of Appeals for consideration as on leave granted. 461 Mich 911 (1999).

The Court of Appeals *held*:

The trial court order must be reversed inasmuch as it conflicts with, and is therefore preempted by, the antialienation provision of the Employee Retirement Income Security Act (ERISA), 29 USC 1056(d)(1).

1. It is not disputed that the pension plan at issue in this case is governed by the ERISA. Pursuant to 29 USC 1144(a), the ERISA supersedes any and all state laws to the extent that they relate to an employee benefit plan that is subject to the ERISA. 29 USC 1056(d)(1) states that a pension plan shall provide that benefits under the plan may not be assigned or alienated.

2. The trial court order in this case constitutes an assignment that violates the antialienation provision of the ERISA because it effectively requires the pension fund to make pension payments to Abbott's prison account against his will.

Reversed.

PRISONS AND PRISONERS — STATE CORRECTIONAL FACILITY REIMBURSEMENT ACT
— PENSIONS — EMPLOYEE RETIREMENT INCOME SECURITY ACT.

A court, in requiring a state prison inmate to reimburse the state for
the cost of the inmate's incarceration pursuant to the State Correc-
tional Facility Reimbursement Act, may not order the inmate,
against the inmate's will, to instruct the inmate's pension fund to
deposit the inmate's periodic pension benefits into a prison account
from which the state would receive its reimbursement; such an
order would conflict with, and be preempted by, the Employee
Retirement Income Security Act, which provides that pension plan
benefits may not be assigned or alienated (29 USC 1056[d][1],
1144[a]; MCL 800.401a[a], 800.404).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Daniel M. Levy*, Assistant Attorney General, for the plaintiff.

Thomas Kean Abbott, in propria persona.

Before: FITZGERALD, P.J., and HOEKSTRA and MARKEY, JJ.

FITZGERALD, P.J. Defendant Thomas K. Abbott is a General Motors Corporation retiree and receives a monthly pension benefit. He is currently a prisoner at a Michigan correctional facility. Plaintiff, the treasurer of the state of Michigan, filed an action pursuant to the State Correctional Facility Reimbursement Act (SCFRA), MCL 800.401 *et seq.*, seeking partial distribution of defendant's pension benefits to the state of Michigan for reimbursement of the cost of caring for defendant.[1] On remand from the Supreme to this Court for consideration as on leave granted,[2] defendant appeals from a final circuit court order directing defendant to change his pension address to his prison

---

[1] JoAnn Abbott, defendant's wife, is currently receiving approximately sixty-seven percent of Thomas' pension at issue in this case.

[2] *State Treasurer v Abbott*, 461 Mich 911 (1999).

address, appointing the warden receiver of defendant's pension checks, and directing partial distribution of the funds to the state of Michigan as reimbursement for expenses incurred for defendant's incarceration. Defendant contends that the order violates the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq.*, which prohibits assignment or alienation of a participant's pension benefits. We reverse.

### I. THE SCFRA

Under Michigan law, plaintiff may seek reimbursement for incarceration costs where the prisoner is able to pay for the prisoner's maintenance. The purpose of the SCFRA is

> to provide procedures for securing reimbursement to the state of the expenses incurred by the state for the cost of care of certain prisoners in state correctional facilities; to provide procedures for securing the reimbursement of expenses to be incurred by the state in regard to the future cost of care of such prisoners; and to prescribe certain powers and duties of certain state and local public officers and officials. [1984 PA 282.]

The SCFRA specifically includes "pension benefits" within the definition of "assets" that may be sought as reimbursement under the act. MCL 800.401a(a), 800.404.

### II. THE ERISA

#### A. ANTIALIENATION PROVISION

It is undisputed that the pension plan at issue is governed by the ERISA. Under the ERISA, benefits pro-

vided under the plan may not be assigned or alienated. "Each plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 USC 1056(d)(1). The purpose of the ERISA's proscription on alienation and assignment is to protect an employee from his own financial improvidence in dealing with third parties. The provision is not intended to alter traditional support obligations, but rather to assure that the employee and his beneficiaries reap the ultimate benefits due upon retirement. See *Stinner v Stinner*, 520 Pa 374; 554 A2d 45 (1989). The antialienation rule extends to voluntary and involuntary assignments such as garnishments. *Commercial Mortgage Ins, Inc v Citizens Nat'l Bank of Dallas*, 526 F Supp 510 (ND Tex, 1981). Similarly, courts have also held that restitution orders violate the ERISA's antialienation clause. *Guidry v Sheet Metal Workers Nat'l Pension Fund*, 493 US 365; 110 S Ct 680; 107 L Ed 2d 782 (1990); *United States v Smith*, 47 F3d 681 (CA 4, 1995).

### B. PREEMPTION PROVISION

The ERISA subjects all employee benefit plans to federal regulation. It is "a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v Delta Air Lines, Inc*, 463 US 85, 90; 103 S Ct 2890; 77 L Ed 2d 490 (1983); *Nachman Corp v Pension Benefit Guaranty Corp*, 446 US 359, 361-362; 100 S Ct 1723; 64 L Ed 2d 354 (1980). The ERISA is designed to protect "the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information" and by establishing

"standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans." 29 USC 1001(b).

The ERISA includes a preemption provision that provides that the ERISA will "supersede any and all state laws" to the extent that those laws "relate to" any employee benefit plan that is subject to the ERISA, thereby eliminating the confusion of conflicting state regulations. 29 USC 1144(a). The preemption provision was enacted to "establish pension plan regulations as exclusively a federal concern." *Alessi v Raybestos-Manhattan, Inc*, 451 US 504, 523; 101 S Ct 1895; 68 L Ed 2d 402 (1981).

C

Defendant argues that reimbursement under the SCFRA violates the ERISA because such reimbursement amounts to an assignment of defendant's pension benefits to plaintiff that is specifically prohibited by the ERISA. 29 USC 1056(d)(1). Plaintiff contends that the order directing defendant to change his pension address to the prison and deposit of the funds into defendant's prison account does not operate as an assignment. Rather, plaintiff contends that the ERISA does not apply to funds once they are deposited into the prison account.

In *State Treasurer v Baugh*, 986 F Supp 1074 (ED Mich, 1997), the state treasurer brought an action against a prisoner and the prisoner's former employer under the SCFRA seeking an order directing the former employer's pension plan to deposit the prisoner's pension benefits into his personal prison account that could be used to partially reimburse costs of the pris-

oner's incarceration. The court held that the treasurer's request violated the antialienation provisions of the ERISA and was preempted by the ERISA:[3]

> The Court agrees that once pension benefits are placed in a personal account, ERISA no longer operates to protect those funds. However, in the instant case, defendant Chrysler Corp. would not be voluntarily depositing the pension funds into [the defendant's] personal prisoner account but would be doing so only by court order. Such an involuntary transfer clearly constitutes an assignment. [*Id.* at 1077 (citations omitted).]

Although Baugh is not binding precedent in this Court, *Yellow Freight System, Inc v Michigan*, 464 Mich 21, 29, n 10; 627 NW2d 236 (2001), *Baugh* is entitled to respectful consideration by this Court. *Id.* Additionally, the holding in *Baugh* is consistent with analogous federal decisions in which a state was seeking to use a miscreant's pension for restitution. See, e.g., *Guidry*, supra at 367-369; *United Metal Products Corp v Nat'l Bank of Detroit*, 811 F2d 297 (CA 6, 1987). In those cases, the courts refused to create a judicial exception to the ERISA antialienation provision for employee misfeasance or criminal misconduct:

> A court attempting to carve out an exception that would not swallow the rule would be forced to determine whether application of the rule in particular circumstances would be "especially" inequitable. The impracticality of defining such a standard reinforces our conclusion that the identification

---

[3] The court noted that application of the antialienation rule in *Baugh* begat "an unsettling result," but found that to hold otherwise would constitute an exception to the ERISA contrary to congressional direction. *Id.* at 1077, citing *Guidry, supra* at 376.

of any exception should be left to Congress. [*Guidry, supra* at 377.]

There is no dispute that directly garnishing defendant's pension benefits to reimburse the state would violate the ERISA's antialienation provision. *Baugh, supra.* Plaintiff attempts to distinguish *Baugh* by asserting that plaintiff did not make a claim against the pension plan in this case and did not seek an order compelling the plan to do anything. Plaintiff argues that ordering defendant to direct his pension to be sent to his prison address is consistent with *Baugh* and does not violate the ERISA. This argument fails for two reasons. First, defendant did not voluntarily change his pension address to his prison address and did not voluntarily have the pension funds deposited into his personal prisoner account, but rather was ordered by the court to do so. The court's order effectively required the pension fund to make the pension payment to defendant's prison account against defendant's will.[4] Such an involuntary transfer clearly constitutes an assignment and conflicts with the ERISA's antialienation provision.[5] Second, if defendant refuses to direct the pension fund to pay the benefits to his prison account, the only method of ensuring that the benefits reach the prison account is by reliance on the order directing the fund to send the money to the prison, just as in *Baugh*.

---

[4] An order forcing defendant to take his pension benefits at the prison has the same practical effect as the orders deemed prohibited in *Baugh, supra,* and *Guidry, supra.*

[5] Black's Law Dictionary (5th ed), p 109, defines an assignment as "[a] transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein. It includes transfers of all kinds of property including negotiable instruments." (Citations omitted.)

Accordingly, we conclude that the order requiring General Motors to make defendant's pension payment to defendant's prison account against defendant's will conflicts with, and is therefore preempted by, the ERISA's antialienation provision. *Baugh, supra* at 1077; *Guidry, supra* at 376-377.

Reversed.