Donald WALTERS, Plaintiff,

v.

Mike COX, et al., Defendants.

Civil Action No. 04–CV–73367–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 25, 2004.

Donald Walters, Jackson, MI, pro se.

*ORDER ACCEPTING MAGISTRATE JUDGE'S OCTOBER 4, 2004 REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS*

STEEH, District Judge.

Plaintiff Donald Walters, a state prisoner, filed a *pro se* complaint on August 30, 2004 against Michigan Attorney General Michael Cox, Eaton County, Michigan, Circuit Court Judge Calvin Osterhaven, and the Michigan Department of Corrections ("MDOC") alleging the defendants

unlawfully seized his pension benefits under Michigan's State Correctional Facility Reimbursement Act ("SCFRA"), M.C.L. § 800.401 *et seq.*, which authorizes the Michigan Treasurer to seek reimbursement for incarceration costs. Plaintiff specifically alleges that defendants Cox and MDOC filed a state SCFRA suit in Eaton County Circuit Court, which was assigned to Judge Osterhaven. Plaintiff was ordered by Judge Osterhaven on April 28, 2004 to show cause on or before July 1, 2004 why MDOC should not be entitled to seize plaintiff's pension funds.[1] Plaintiff timely responded to Judge Osterhaven's show cause order, arguing *inter alia* that his pension benefits are protected from seizure under state law by the non-alienation provisions of the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq.*, On July 1, 2004, Judge Osterhaven issued an order rejecting plaintiff's ERISA defense, and facilitating the seizure of 90% of plaintiff's pension benefits pursuant to the SCFRA.

Plaintiff's August 30, 2004 federal complaint invokes 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983–1985, seeking declaratory and injunctive relief ordering the defendants to cease and desist seizing his pension benefits under the SCFRA, in violation of ERISA. In Count I, plaintiff alleges he was denied access to the courts when Judge Osterhaven refused to provide a teleconference allowing plaintiff to present affirmative defense to the SCFRA seizure, and by failing to adjudicate plaintiff's defense that Judge Osterhaven lacked subject matter jurisdiction to rule on plaintiff's federal ERISA defense. Count II alleges the defendants unlawfully used the state SCFRA statute to seize plaintiff's pension benefits, when defendants knew or should have known that the benefits were exempt from seizure by the non-alienation provisions of ERISA.

Plaintiff filed motions for injunctive relief in federal court on September 9, 2004. The matter was referred to Magistrate Judge Mona Majzoub, who issued an October 4, 2004 Report and Recommendation recommending that plaintiff's claims be dismissed for lack of subject matter jurisdiction because the *Rooker–Feldman* doctrine precludes this court from altering or amending Judge Osterhaven's July 1, 2004 state court order. "The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision." Report and Recommendation ("R & R"), at 4 (citing *Anderson v. Charter Twp. of Ypsilanti,* 266 F.3d 487, 493 (6th Cir.2001)). Magistrate Judge Majzoub also reasoned that the full faith and credit statute of 28 U.S.C. § 1738 likewise precludes this court from overruling Judge Osterhaven's decision. R & R, at 5 (citing *Allen v. McCurry,* 449 U.S. 90, 98, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Magistrate Judge Majzoub further reasoned that plaintiff's due process claim was barred by the doctrine of res judicata, as an issue that could have been raised in a state court appeal of Judge Osterhaven's July 1, 2004 Order. The Magistrate Judge thus recommends dismissal of plaintiff's claims pursuant to *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (allowing for *sua sponte* dismissal for lack of subject matter jurisdiction where a plaintiff's claims are "totally implausible, attenuated, unsubstantial, frivo-

---

1. Plaintiff's pension benefit arises from his wife's Postal Service pension. Plaintiff was ordered to show cause why the pension administrator should not be provided with plaintiff's prison address, where pension benefits would be mailed, placed into a prison account, and subject to a 90% seizure of the benefits paid into the account.

lous, devoid of merit, or not longer open to discussion").

Plaintiff filed objections to the Report and Recommendation on October 13, 2004 arguing the *Rooker–Feldman* doctrine is inapplicable because ERISA completely preempts state law here, and therefore removal to federal court is the appropriate remedy. Plaintiff also objects that res judicata is inapplicable because his denial of due process claim was not litigated, and he was denied an opportunity to litigate the issue. Plaintiff further asks this court to "transfer" his case to the Michigan Court of Appeals.

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Plaintiff's objections are without merit. Plaintiff clearly raised ERISA as a defense in the state court action. State courts enjoy jurisdiction to decide such federal ERISA defenses. *Clayton Group Services, Inc. v. First Allmerica Financial Life Ins. Co.*, 166 F.Supp.2d 566, 576 (E.D.Mich.2001) (citing *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir.1995) (en banc); *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1399 (6th Cir.1995)). Judge Osterhaven enjoyed jurisdiction to adjudicate plaintiff's ERISA defense to the SCFRA. Plaintiff's argument that removal to federal court is the appropriate remedy is misplaced for a number of reasons, not the least of which is that plaintiff did not file a notice of removal in federal district court within 30 days of receiving service of the state Eaton County lawsuit. *See* 28 U.S.C. § 1446(a-b). Plaintiff's argument that he was denied the opportunity to argue the alleged

lack of due process—lack of a telephonic conference—fails to explain how plaintiff was denied the opportunity to appeal Judge Osterhaven's decision in state court. Indeed, plaintiff asks the court to "transfer" this federal lawsuit to the Michigan Court of Appeals. The request is frivolous.

IT IS ORDERED that the Magistrate Judge's October 4, 2004 Report and Recommendation is hereby ACCEPTED in its entirety. Plaintiff's objections are hereby OVERRULED. Plaintiff's claims are hereby DISMISSED in their entirety for lack of subject matter jurisdiction.

SO ORDERED.

### *REPORT AND RECOMMENDATION*

MAJZOUB, United States Magistrate Judge.

*RECOMMENDATION:* The Court recommends that Plaintiff's complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and his Motion For Preliminary Injunction or Order to Show Cause Why an Injunction Should Not Issue be DENIED as moot.

\* \* \*

Plaintiff filed the instant complaint on August 30, 2004 pursuant to 42 U.S.C. § 1983 alleging violations of his federally secured rights. The Defendants to this action, all sued in their official capacity, are Michigan Attorney General Mike Cox, Eaton County Circuit Judge Calvin Osterhaven, and the Michigan Department of Corrections (MDOC), none of whom have yet been served. On September 9, 2004, Plaintiff filed an Ex Parte Motion For Preliminary Injunction or Order to Show Cause Why An Injunction Should Not Issue. In his motion, Plaintiff seeks injunctive relief "to preserve the status quo of his property rights (ERISA pension checks) until a hearing or trial is held in

the matter." (Plaintiff's Motion, pg. 1). The case has been referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. On April 20, 2004, Defendants filed a complaint under the State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws § 800.401 *et seq.*[1] claiming entitlement to Plaintiff's retirement pension benefits. Plaintiff filed objections to Defendants' SCFRA claim asserting that the circuit court lacked subject matter jurisdiction to consider Defendants' claim. Specifically, Plaintiff alleged that his pension benefits were subject to the non-alienation provision of ERISA such that Defendants' claim should fail. After filing his objections, Plaintiff sought removal of the action to federal court and requested that he be allowed to participate by teleconference at a hearing on the matter. Although the circuit court conducted a teleconference hearing on July 1, 2004, Plaintiff alleges that he was "never summoned to talk on the phone or allowed to call the court to present his argument, even though he informed the facility unit ARUS of the scheduled hearing as well as have his family call the circuit court clerk to ensure that arrangements were properly made for the teleconference." (Plaintiff's Complaint, pg. 4, ¶ 12).

On July 10, 2004, Plaintiff alleges that he received an order dated July 1, 2004 directing him to notify his pension administrator to change his address to that of the prison where he was incarcerated. The order also directed the Warden of the prison to notify the pension administrator to change Plaintiff's address in the event he failed to do so. Apparently, Plaintiff failed to notify his pension administrator of his change of address such that the Warden took the appropriate steps to have Plaintiff's address changed to that of the prison. Shortly thereafter, Plaintiff's pension checks were sent to Plaintiff's prisoner account where the checks were deposited. Pursuant to the SCFRA, 90% of Plaintiff's pension benefits were confiscated. Plaintiff then filed the instant § 1983 action in this Court claiming that (1) the state actions were preempted by ERISA such that the circuit court was without subject matter jurisdiction over his pension benefits, and (2) the state failed to provide him with due process where he had no opportunity to be heard at the court proceedings.

## ERISA ANTI–ALIENATION AND PRE-EMPTION PROVISIONS

The Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.* subjects all employee benefit plans to federal regulation. ERISA includes a specific preemption provision which provides that ERISA will "supersede any and all state laws" to the extent those laws "relate to" any employee benefit plan that is subject to ERISA. 29 U.S.C. § 1144(a). Under another provision of the act, ERISA benefits provided may not be assigned or alienated. "Each plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The anti-alienation provision extends to both voluntary and involuntary assignments such as garnishments. *Commercial Mortgage Ins. Inc. v. Citizens Nat'l Bank of Dallas,* 526 F.Supp. 510 (N.D.Tx.1981).

In this case, Plaintiff asserts that the Eaton County Circuit Court Order authorizing his pension benefits to be redirected

---

1. Under the State Correctional Facility Reimbursement Act, the state treasurer may seek reimbursement for incarceration costs where the prisoner is able to pay for his or her maintenance.

to his prison account violates the anti-alienation provision of ERISA and is therefore preempted. Plaintiff's assertion is not only accurate but also well supported by the courts. *Roberts v. Baugh*, 986 F.Supp. 1074 (E.D.Mich.1997)(holding that the SCFRA provision allowing the state to redirect prisoner's pension checks to prison account violated ERISA's anti-alienation provision and was therefore preempted by ERISA); *State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714 (2003). The Eaton County Circuit Court Order was clearly in direct contravention of the anti-alienation provision of ERISA and was therefore subject to ERISA's explicit preemption provision. Although sympathetic to the injustice handed Plaintiff by the Eaton County Circuit Court, this Court is without a basis to overturn the state court's decision as such judicial review is barred by the *Rooker–Feldman* doctrine.

### *ROOKER–FELDMAN DOCTRINE*

■ In order to grant Plaintiff the relief that he seeks, this Court would have to alter or amend the order of the Eaton County Circuit Court. Under the *Rooker–Feldman* doctrine, only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the

procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir.2001).

The *Rooker–Feldman* doctrine finds its roots in the Full Faith and Credit Clause of the Constitution which provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. Art. IV, § 1. The Full Faith and Credit Clause has been codified by Congress in the full faith and credit statute, 28 U.S.C. § 1738 which reads:

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court reaffirmed that "[s]ection 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."

■ Federal courts are also required to give full faith and credit to state judgments even where those judgments are challenged under 42 U.S.C. § 1983. In *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court noted that "the legislative history of § 1983 does not in any clear way suggest that Congress intended to repeal or restrict the traditional doctrines of preclusion . . . ." *Allen*, 449 U.S. at 98, 101 S.Ct.

411. In this case, the state court rendered a decision, although incorrectly, finding that Plaintiff's pension checks could be redirected to his prisoner account. In accordance with the *Rooker–Feldman* doctrine and 28 U.S.C. § 1738, this Court must respect, albeit reluctantly, the incorrect judgment of the state court. Plaintiff's proper recourse would have been to appeal that decision in the Michigan courts and if still dissatisfied, appeal to the United States Supreme Court.

The only remaining question is whether this Court can hear Plaintiff's constitutional due process claim which he apparently failed to raise in the state court. The *Allen* Court did not decide whether the preclusive effect of a state-court judgment does not apply to a federal issue that a § 1983 litigant could have raised but did not raise in his earlier state-court proceedings. In *Migra v. Warren City School Dist. Bd. Of Edu.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court addressed this specific issue. There, the petitioner urged the Court to interpret the interplay of § 1738 and § 1983 in such a way as to accord state-court judgments preclusive effect in § 1983 suits only as to issues actually litigated in state court. The Court rejected petitioner's argument and held that "petitioner's state-court judgment in this [§ 1983] litigation has the same claim preclusive effect in federal court that the judgment would have in the [ ] state courts." *Migra*, 465 U.S. at 85, 104 S.Ct. 892. Therefore, under *Migra*, this Court must determine whether Plaintiff's due process claim, although not raised in the state court, would have been precluded from judicial review under Michigan's doctrine of *res judicata*.

■ Generally, the doctrine of *res judicata*, or claim preclusion, bars a subsequent action between the same parties when the evidence or essential facts are identical. Michigan has adopted a broad application of the doctrine of *res judicata* which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Road Commission*, 226 Mich.App. 389, 396, 573 N.W.2d 336 (1997). Application of the doctrine of *res judicata* requires that (1) the first action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich.App. 559, 562, 567 N.W.2d 456 (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich.App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Mut. Auto. Ins. Co.*, 202 Mich.App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds, Patterson v. Kleiman*, 447 Mich. 429, 433 n. 3, 526 N.W.2d 879 (1994).

■ Applying Michigan's doctrine of *res judicata*, Plaintiff's due process claim is also barred from this Court's review for the following reasons. First, the facts underlying both Plaintiff's ERISA and due process claims arise from the same transaction, that is, the Eaton County Circuit Court's order redirecting of Plaintiff's pension benefit checks. Plaintiff's due process claim is based on his inability to participate in the judicial proceeding. Thus, the ERISA claim gave rise to the due process claim such that the same facts and evidence are essential to both claims. And although Plaintiff's due process claim was

not actually litigated in the state court, he could have raised this claim in the Michigan Court of Appeals. The fact that Plaintiff may still be able to raise his due process claim before the Michigan courts does not alter the conclusion that this Court is barred from reviewing his due process claim. As previously pointed out, the test is not whether the claim raised in the second case was actually litigated, but rather whether the matter *could have been resolved* in the first case. Undisputably, Plaintiff could have raised his due process claim arising from his ERISA claim before the Michigan Court of Appeals. As such, this Court must respect as final the state court judgment as to both Plaintiff's ERISA and due process claims.

Accordingly, under the *Rooker–Feldman* doctrine, this Court is without jurisdiction to consider either Plaintiff's ERISA or due process claims. Therefore, Plaintiff's complaint should be dismissed in its entirety based on this Court's lack of subject matter jurisdiction.[2]

***NOTICE TO PARTIES REGARDING OBJECTIONS:***

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*,

638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

October 4, 2004.

---

**2.** As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). However, a district court is permitted, at any time, to *sua sponte* dismiss a fee-paid complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P.

12(b)(1) "when the allegations ... are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (citations omitted). Summary dismissal is appropriate here because this Court is without jurisdiction to review Plaintiff's claims under the *Rooker–Feldman* doctrine.