The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Barbara A. STEPHENSON,
Defendant–Appellant.

No. 97CA1966.

Colorado Court of Appeals,
Div. II.

Sept. 2, 1999.

Ken Salazar, Attorney General, Barbara
McDonnell, Chief Deputy Attorney General,
Michael E. McLachlan, Solicitor General,
Katherine A. Hansen, Assistant Attorney
General, Denver, Colorado, for Plaintiff–Ap-
pellee.

David F. Vela, Colorado State Public De-
fender, Andrew C. Heher, Deputy State Pub-

lic Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Barbara Stephenson, appeals the sentence, the order of probation, and the order of restitution entered after her conviction on one count of theft-series, a class 4 felony. We affirm in part, vacate in part, and remand with directions.

Defendant was originally charged with five counts of felony theft-series, in violation of § 18–4–401(1)(a)(4), C.R.S.1998, and three counts of forgery. The criminal charges related to accusations that defendant had, essentially, embezzled money from her employer through fraudulent use of a computer and credit cards, through forgery of checks, and through the unlawful taking of money allocated for rental property. The conviction was obtained through her guilty plea to one amended count and the dismissal of all other counts. The parties stipulated that the amount of restitution due to the employer was $39,000, as had been determined by a group of accountants designated by the court.

On September 22, 1997, the trial court sentenced defendant to prison for a period of five years, then suspended the prison sentence on condition that she complete six years of probation and comply with all terms and conditions of probation. The court further ordered payment by defendant, on or before February 1, 1998, of restitution in the amount of $39,000, plus accounting fees of $1,050.

Defendant was further ordered, as a condition of probation, to liquidate her pension with the former employer and to apply the pension proceeds to payment of the accounting fees and the restitution. In entering this order, the court speculated as to whether it could order her to "agree to waive whatever exemption or other claims you have to the pension money and [to] cooperate in applying it to the ... restitution that's due." The court then stated: "Because, frankly, if you won't [so agree] ... you will go to the Department of Corrections today."

Defense counsel objected to the court's anticipated order of restitution, asking whether, if defendant were unwilling to agree, "the Court is telling [her] that [it] will send her to prison today?" The court replied, "That is correct." Thereafter, defendant stated, "Okay, yes," in answer to the court's inquiries.

Defendant perfected her appeal to this court by filing her notice of appeal on November 6, 1997.

On March 19, 1998, the trial court issued the following order respecting the conditions of probation:

> THE COURT, on its own motion, has reconsidered the conditions of probation previously imposed in this case. Accordingly, the conditions of probation are modified as follows: the phrase 'cooperation liquidating pension and applying proceeds to account fees (first priority) and then to restitution' is deleted. In its place the following provision is added: 'The accountant fees of $1,050, and the restitution of $16,950, shall be paid on or before May 1, 1998; the balance of restitution shall be paid as directed by the Probation Officer.

The court provided no explanation for the amended probation order.

Defendant's motion to vacate the trial court's *sua sponte* order was denied without a hearing.

I.

Defendant contends that the trial court abused its discretion when it imposed a 5–year prison sentence on her. We disagree.

Felony theft-series, a class 4 felony in this instance, carries a possible penalty in the presumptive range of 2 to 6 years imprisonment. Section 18–1–105(1)(a)(V)(A), C.R.S. (1998).

■ A trial court has wide latitude in fashioning an appropriate sentence. In sentencing, the trial court must consider various balancing factors pertinent to sentencing and arrive at a sentence that effects a fair synthesis concerning the interests of society and of the defendant. *See People v. Walker,* 724 P.2d 666 (Colo.1986).

■ Here, the prison sentence imposed was within the presumptive range provided for the charge to which defendant pleaded. The court noted that defendant had stolen thousands of dollars from her employer, which had trusted her. Moreover, she had a prior conviction for theft from an earlier employer. Additionally, the court suspended the sentence and imposed probation. Thus, the trial court's sentence was proper, being based on pertinent facts in the record and being reasonably within the presumptive range. Accordingly, we do not disturb the 5–year prison sentence imposed by the trial court.

## II.

■ Defendant also contends, *inter alia*, that the trial court erred in *sua sponte* issuing the order of restitution because it was without jurisdiction to act. We do not consider this specific contention because we agree with defendant that the trial court erred in entering the subject order without complying with the dictates of § 16–11–204(4), C.R.S.1998.

Section 16–11–204(4) states:

For good cause shown and after notice to the defendant, the district attorney, and the probation officer, and after a hearing if the defendant requests it, the judge may reduce or increase the term of probation or alter the conditions or impose new conditions.

Because the trial court gave no notice to any party and, therefore, presented no opportunity for any party to request a hearing, and altered a material condition of defendant's probation, with no good cause shown, the order must be vacated.

■ Further, we do not agree, as the People contend, that the trial court's failure to comply with the plain language of § 16–11–204(4) constituted harmless error. Because the error here substantially affected defendant's rights and impaired the fairness of the proceedings, it cannot be harmless. *See* Crim. P. 52; *People v. Gaffney*, 769 P.2d 1081 (Colo.1989).

## III.

Concerning, however, the original order of probation which required defendant to liquidate her pension and to use the pension proceeds to pay accounting fees and restitution, defendant contends that the trial court erred because, under applicable law, the pension may not be alienated in that way. We agree, and remand with directions.

■ The People have not rebutted defendant's assertion that her pension, which accrued during her former employment, is an Employee Retirement Income Security Act (ERISA) qualified plan. *See* 29 U.S.C. § 1056(d)(1)(1998). Hence, in the absence of evidence to the contrary, we agree that this plan is subject to ERISA.

ERISA's preemption provision provides that ERISA regulations supersede any state laws that "relate to any employee benefit plan that is subject to ERISA." 29 U.S.C. § 1144(a) (1999). The anti-alienation clause of 29 U.S.C. § 1056(d)(1) states that: "Each pension plan shall provide that benefits provided ... may not be assigned or alienated." This clause has been held to prohibit voluntary assignments of ERISA pension benefits under certain circumstances, as well as involuntary assignments of such benefits, even when the assignment is done pursuant to court order. *Roberts v. Baugh*, 986 F.Supp. 1074 (E.D.Mich.1997). *See also Guidry v. Sheet Metal Workers International Ass'n Local No. 9*, 10 F.3d 700 (10th Cir.1993) (there is a critical distinction between assignment of funds still in the plan, which is clearly prohibited, and assignment of benefit payments once they have been received by the beneficiary).

The record reflects that, here, in its original order, the trial court directed the liquidation of defendant's pension fund in order that the proceeds of the fund could be designated to pay certain restitution costs and fees, with incarceration as the consequence of a failure to agree thereto. We conclude, as a matter of law, that, in so ordering, even if defendant acquiesced in order to avoid incarceration, the trial court improperly assigned or alienated the pension funds. *See U.S. v.*

*Smith,* 47 F.3d 681 (4th Cir.1995). Therefore, the original order cannot stand.

We need not consider defendant's additional contentions.

Accordingly, the sentence is affirmed. The order of probation is vacated only insofar as it concerns the directive to pay accounting fees and restitution, and the cause is remanded for a new hearing concerning the terms and conditions of probation, including payment of restitution, consistent with the views expressed in this opinion.

Judge PLANK and Judge VOGT concur.