**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Conrad Clayton ROSSMAN, Defendant–Appellant.**

**No. 04CA0425.**

Colorado Court of Appeals, Div. II.

Feb. 9, 2006.

Certiorari Denied June 26, 2006.*

---

* Justice EID does not participate.

John W. Suthers, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ann M. Aber, Deputy State Public

Defender, Denver, Colorado, for Defendant–Appellant.

ROTHENBERG, J.

Defendant, Conrad Clayton Rossman, appeals the trial court order denying his motion (1) to modify a condition of his probation requiring him to submit to the collection of a biological sample for DNA testing; and (2) to declare § 16–11–204.3, C.R.S.2005, unconstitutional as applied to him and other persons on probation. Because we conclude the trial court did not err in requiring defendant to submit a sample for DNA testing, we affirm.

Defendant was charged with second degree burglary and forgery. He pled guilty to both offenses and was sentenced to three years probation and 180 days of electronic home monitoring. He later violated his probation and was resentenced to three years of intensive supervision probation. As a condition of his probation, the trial court ordered him to submit biological samples for DNA testing pursuant to § 16–11–204.3.

Section 16–11–204.3(1)(b.5), C.R.S.2005, requires that an offender convicted of second degree burglary submit a biological substance sample for chemical testing as a condition of his or her probation. The test results are compiled in DNA databases.

Defendant objected to the imposition of the condition and filed a motion challenging the constitutionality of the statute as applied to him. The court denied the motion and this appeal followed.

I.

Defendant contends the trial court erred in denying his motion to modify the conditions of his probation and to declare § 16–11–204.3 unconstitutional. He challenges the requirement of § 16–11–204.3(1)(b.5) that he submit biological samples for DNA testing, maintaining that it exceeds the court's authority because it violates the state and federal constitutional prohibition against warrantless searches and seizures conducted without probable cause. We disagree.

■ Initially, we note that challenges to conditions of probation are generally not subject to appellate review. Section 18–1.3–104(1)(a), C.R.S.2005; *People v. Graham,* 678 P.2d 1043 (Colo.App.1983). However, appellate review is warranted where, as here, a probationer challenges the terms of his or her probation and alleges that the trial court has exceeded its statutory authority in imposing the sentence. *People v. Kennaugh,* 80 P.3d 315 (Colo.2003); *People v. Brockelman,* 933 P.2d 1315 (Colo.1997); *See also People v. Stephenson,* 12 P.3d 266 (Colo.App.1999)(concluding trial court erred in ordering, as a condition of probation, that the defendant liquidate her pension and use the proceeds to pay accounting fees and restitution, because under applicable law, pension could not be alienated).

■ Turning to the merits of defendant's argument, we first address the applicable standard of review. We review de novo whether a search or seizure satisfies the requirements of the state and federal constitutions. *People v. Matheny,* 46 P.3d 453 (Colo.2002).

■ The Fourth Amendment to the United States Constitution and article II, § 7 of the Colorado Constitution protect against unreasonable searches and seizures. *People v. Najjar,* 984 P.2d 592 (Colo.1999). A warrantless search or seizure is presumptively invalid unless justified by one of the established exceptions to the warrant requirement. *People v. Allison,* 86 P.3d 421 (Colo. 2004).

■ One exception is the "special needs exception." *People v. Shreck,* 107 P.3d 1048, 1052 (Colo.App.2004); *Timm v. Reitz,* 39 P.3d 1252, 1256 (Colo.App.2001). Under that exception, a warrant, probable cause, or even individualized suspicion of wrongdoing need not be shown where "special needs, beyond the normal need for law enforcement" exist, and the search or seizure is found to be "reasonable" after balancing the government's special need against the individual's asserted privacy interests. *People v. Shreck, supra,* 107 P.3d at 1052 (quoting *Ferguson v. City of Charleston,* 532 U.S. 67, 74 n. 7, 121 S.Ct. 1281, 1286, 149 L.Ed.2d 205 (2001)).

■ The governmental need must be "important," "substantial," or "compelling" in na-

ture. *Timm v. Reitz, supra,* 39 P.3d at 1256. If the court determines that the purpose of the search goes beyond the normal need for law enforcement, it must then balance the governmental interest advanced by the search against the privacy interests held by the persons subjected to the search. *City & County of Denver v. Casados,* 862 P.2d 908 (Colo.1993).

Numerous federal and state courts have held that DNA databases serve special needs beyond the normal need for law enforcement officials to secure evidence of a particular wrongdoing against a specific suspect. *See Green v. Berge,* 354 F.3d 675 (7th Cir.2004); *United States v. Kimler,* 335 F.3d 1132 (10th Cir.2003); *Roe v. Marcotte,* 193 F.3d 72 (2d Cir.1999); *Vore v. United States Dep't of Justice,* 281 F.Supp.2d 1129 (D.Ariz.2003); *United States v. Sczubelek,* 255 F.Supp.2d 315 (D.Del.2003), *aff'd,* 402 F.3d 175 (3d Cir. 2005); *Miller v. United States Parole Comm'n,* 259 F.Supp.2d 1166 (D.Kan.2003); *State v. Martinez,* 276 Kan. 527, 78 P.3d 769, 775 (2003); *State v. Steele,* 155 Ohio App.3d 659, 802 N.E.2d 1127 (2003); *In re D.L.C.,* 124 S.W.3d 354, 373 (Tex.App.2003); *State v. Surge,* 122 Wash.App. 448, 94 P.3d 345, 349–50 (2004)(*review granted* Feb. 1, 2005).

As a division of this court explained in *People v. Shreck, supra,* 107 P.3d at 1053, "[B]ecause DNA samples are analogous to fingerprints or palm prints, they can be used as generic identification tools. By enhancing the accuracy of the criminal justice system, DNA databases assist in exonerating the innocent, solving past as well as future crimes, and deterring recidivism." *See also United States v. Reynard,* 220 F.Supp.2d 1142 (S.D.Cal.2002).

■ Defendant concedes the DNA testing provides the state with ancillary benefits. But he maintains that the primary purpose of the DNA database is to assist law enforcement in solving crimes and that the benefits do not "equate to the type of special needs that would obviate the constitutional requirement that searches and seizures be based on individualized probable cause." However, we are persuaded by the division's reasoning in *Shreck* and conclude that the purpose of

§ 16–11–204.3(1)(b.5) goes beyond the normal need for law enforcement.

Defendant also contends that even if the purpose of § 16–11–204.3(1)(b.5) goes beyond the normal need for law enforcement, the governmental interest advanced by the search is outweighed by his privacy interest as a probationer. He argues that *Shreck* is distinguishable because the defendant there was on parole whereas he is only on probation, and he therefore has a greater privacy interest. We are not persuaded.

Probation, like incarceration, is a criminal sanction imposed by a court upon an offender after a verdict, finding, or plea of guilty. *Griffin v. Wisconsin, supra.* Probationers, like parolees, do not enjoy "the absolute liberty to which every citizen is entitled, but only ... the conditional liberty properly dependent on observance of special parole [or probation] restrictions." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). They have a diminished right to privacy, especially with respect to their identification. *Padgett v. Donald,* 401 F.3d 1273 (11th Cir.2005); *Boling v. Romer,* 101 F.3d 1336 (10th Cir.1996); *United States v. Sczubelek, supra.*

In balancing the governmental interests described above and a probationer's individual privacy interests, other courts have concluded the interests served by DNA databases are "undeniably compelling" and "monumental" in weight, *United States v. Kincade,* 379 F.3d 813, 838–39 (9th Cir. 2004), observing that the intrusion caused by obtaining and analyzing an individual's sample is minimal. *Skinner v. Ry. Labor Executives' Ass'n,* 489 U.S. 602, 624, 109 S.Ct. 1402, 1417, 103 L.Ed.2d 639, 665 (1989)(quoting *Schmerber v. California,* 384 U.S. 757, 771, 86 S.Ct. 1826, 1836, 16 L.Ed.2d 908 (1966): "[T]he intrusion occasioned by a blood test is not significant, since such 'tests are a commonplace ... and ... the procedure involves virtually no risk, trauma, or pain.' ").

■ We agree with the reasoning in these cases and similarly conclude the privacy interests of a probationer, such as defendant, do not outweigh the governmental interests advanced by § 16–11–204.3(1)(b.5). *See Grif-*

*fin v. Wisconsin,* 483 U.S. 868, 873–74, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987)(upholding warrantless search of probationer's residence and stating: "A State's operation of a probation system ... presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements.").

▇ Defendant also contends that article II, § 7 of the Colorado Constitution provides probationers a greater protection from warrantless searches and seizures of their biological samples than does the Fourth Amendment. We disagree.

Although the Colorado and United States Constitutions are generally co-extensive insofar as they address warrantless searches and seizures, *People v. Rodriguez,* 945 P.2d 1351 (Colo.1997), the Colorado Supreme Court has held that, under certain circumstances, article II, § 7, of the Colorado Constitution affords broader protections than the Fourth Amendment. *See People v. Oates,* 698 P.2d 811 (Colo.1985)(reasonable expectation of privacy in commercially purchased goods under the Colorado Constitution despite no corresponding right under the Fourth Amendment); *People v. Corr,* 682 P.2d 20 (Colo.1984)(reasonable expectation of privacy in telephone toll records); *People v. Sporleder,* 666 P.2d 135 (Colo.1983)(reasonable expectation of privacy in telephone pen register); *Charnes v. DiGiacomo,* 200 Colo. 94, 612 P.2d 1117 (1980)(reasonable expectation of privacy in bank records).

However, in every case in which our supreme court has recognized a greater protection under the state constitution than that afforded by the federal constitution, it has identified a privacy interest deserving of greater protection than that available under the Fourth Amendment. *People v. Haley,* 41 P.3d 666 (Colo.2001); *People v. Roth,* 85 P.3d 571 (Colo.App.2003).

Here, we agree with defendant that probationers generally have a greater expectation of privacy than do inmates or parolees. But we are not persuaded that the privacy interest probationers have in their biological samples outweighs the governmental interests advanced by DNA databases and justifies a greater protection from warrantless searches and seizures under the state constitution than that afforded by the federal constitution.

▇ Accordingly, we reject defendant's argument that art. II, § 7 of the Colorado Constitution provides greater protections to probationers sufficient to create an exception to *Shreck.* We thus conclude the trial court did not err in denying defendant's motion to modify the conditions of his probation to exclude genetic marker or DNA testing and to declare § 16–11–204.3 unconstitutional.

## II.

Defendant next contends a remand is required because the trial court erroneously concluded it was bound by opinions of the Tenth Circuit interpreting constitutional requirements and the trial court did not consider whether the Colorado Constitution provides greater protection than the United States Constitution. We disagree.

▇ Colorado courts are not bound by a federal circuit court's interpretation of federal constitutional requirements. *People v. Dunlap,* 975 P.2d 723 (Colo.1999). However, because we review de novo defendant's contentions on appeal, and because we treat the Colorado and United States Constitutions as co-extensive with regard to warrantless search and seizure issues of DNA samples, we conclude the trial court's misperception that it was bound by Tenth Circuit opinions was harmless. Hence, a remand is not necessary.

Order affirmed.

Judge GRAHAM and Justice KIRSHBAUM ** concur.

---

** Sitting by assignment of the Chief Justice under

provisions of Colo. Const. art. VI, § 5(3), and