The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
June 25, 2020

## 2020COA101

**No. 17CA1331, *People v. Cooley* — Criminal Law — Sentencing — Probation; Constitutional Law — Right of Familial Association**

A division of the court of appeals considers what findings a trial court must make before imposing a condition of probation barring the probationer from having contact with his children. Under the circumstances of this case, the division holds that the trial court needed to make a record finding of compelling circumstances before imposing a condition prohibiting the probationer from having familial contact.

COLORADO COURT OF APPEALS                               **2020COA101**

Court of Appeals No. 17CA1331
El Paso County District Court No. 14CR3909
Honorable Scott Sells, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

John Jacobs Cooley,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE GROVE
Furman and Berger, JJ., concur

Announced June 25, 2020

Philip J. Weiser, Attorney General, Joseph G. Michaels, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Chelsea E. Mowrer, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    The conditions of a sex offender's probation often exist at the intersection between public safety and the offender's constitutional rights. In this appeal, we are asked to determine whether the district court made findings sufficient to support conditions of defendant John Jacobs Cooley's sex offender intensive supervision probation (SOISP) prohibiting him from interacting with his own children without approval from his probation officer. After finding that he had violated these provisions, the district court revoked Cooley's probation and sentenced him to an indeterminate term of two years to life in the custody of the Department of Corrections (DOC). Because we conclude that Cooley's probation was revoked for the violation of a probationary term that requires a specific justification, and because the record contains no such justification, we reverse the district court's order and remand the case for further proceedings.

## I.    Background

¶ 2    Alleging that he had sexually assaulted an adult, the People charged Cooley with two counts of second degree kidnapping, two counts of sexual assault, two counts of unlawful sexual contact, two counts of robbery, one count of theft, and three habitual

1

criminal counts. After reaching a plea agreement with the prosecution, Cooley pleaded guilty to one count of sexual assault, and, consistent with the parties' stipulation, the district court sentenced Cooley to SOISP for a term of ten years to life.

¶ 3 Cooley's SOISP came with twenty-eight "Additional Conditions of Probation for Adult Sex Offenders" (Additional Conditions). Condition 4 of the Additional Conditions stated:

> You shall have no contact with any children under the age of 18, including your own children, nor attempt contact except under circumstances ordered by the Court and approved in advance and in writing by the probation officer in consultation with the community supervision team. Contact includes correspondence, written or verbal [sic], telephone contact, or any communication through a third party.

Condition 5 provided:

> If you have incidental contact with children, you will be civil and courteous to the children and <u>immediately</u> remove yourself from the situation. You will discuss the contact at your next treatment session and your next probation appointment.

¶ 4 The district court referenced these conditions at Cooley's providency hearing, informing Cooley that he would undergo a child contact assessment (CCA) "to determine whether it's appropriate for

you to be around your own children or any child under the age of 18." The record before us, however, contains no evidence that a CCA was ever performed.

¶ 5      For reasons irrelevant to this appeal, the district court revoked and reinstated Cooley's probation a year after he was first sentenced. At resentencing, the court imposed the same Additional Conditions, including Conditions 4 and 5. Five months after that, the probation department filed another revocation complaint, this time alleging that Cooley had violated Conditions 4 and 5 by talking to his young daughter in his car after church.

¶ 6      After a hearing, the district court found that Cooley had violated Conditions 4 and 5, revoked his probation, and set the case for a sentencing hearing. At sentencing, citing Cooley's repeated failure to comply with his probation's conditions, the court revoked Cooley's probation and sentenced him to an indeterminate term of two years to life in the custody of DOC.

¶ 7      Cooley asserts that Conditions 4 and 5 are invalid — and thus could not form the basis for his revocation — because they violate his constitutional right to familial association, *see United States v. Burns*, 775 F.3d 1221 (10th Cir. 2014), and are not reasonably

3

related to his rehabilitation and the purposes of probation. § 18-1.3-204(2)(a)(XV), C.R.S. 2019; *see also People v. Brockelman*, 933 P.2d 1315, 1318-21 (Colo. 1997). We only reach the constitutional challenge to Condition 4 because we conclude first that the district court's findings did not establish a violation of Condition 5.[1] Turning then to Condition 4, we hold that the existing record does not establish the existence of compelling circumstances necessary to impose the restrictions on familial association that the condition includes. We therefore reverse the district court's order revoking Cooley's probation.

## II. Condition 5

¶ 8     We need not reach Cooley's constitutional challenge to Condition 5 because we conclude that the district court's findings do not establish that he violated it.

---

[1] We note that while Condition 5, by its plain terms, does not necessarily implicate Cooley's right to familial association, it could be applied in a way that infringes on that right. We do not consider the constitutionality of Condition 5 as applied, however, because we conclude that the district court's findings did not establish that Cooley violated that provision.

## A. Preservation and Standard of Review

¶ 9    Cooley concedes that defense counsel did not object to the district court's finding that he had violated Condition 5. Reviewing for plain error, we will reverse only if the district court committed an error that "(1) is obvious, (2) prejudices a substantial right, and (3) casts serious doubt on the judgment's reliability." *People v. Roletto*, 2015 COA 41, ¶ 29.

## B. Analysis

¶ 10    The district court found that Cooley violated Condition 5 "by not immediately reporting" the contact he had with his daughter. Cooley argues that this was plain error because Condition 5 did not require him to immediately report the interaction.

¶ 11    We agree. By its terms, Condition 5 did not require Cooley to "immediately report[]" the contact with his daughter. Rather, Condition 5 states in its entirety that "[i]f you have incidental contact with children, you will be civil and courteous to the children and <u>immediately</u> remove yourself from the situation. You will discuss the contact at your next treatment session and your next probation appointment." The term "immediately" clarifies what the probationer must do in the event of incidental contact — remove

5

himself from the situation. "Immediately" does not modify the next sentence, which instead directs the probationer to discuss the contact with his treatment provider and probation officer at his next appointment with each.

¶ 12　　The error was plain. It was obvious because the district court found that Cooley violated a requirement that the plain language of Condition 5 did not impose. *See People v. Pollard*, 2013 COA 31M, ¶ 40 (holding that an error is obvious if it contravenes a clear statutory command). It was also substantial and cast serious doubt on the reliability of the judgment. As we discuss below, the record does not support the imposition of Condition 4, and Cooley's violation of Condition 4 was the only other basis for the revocation petition. We therefore cannot conclude that, had it correctly applied the provisions of Condition 5, the district court would have nonetheless found a violation and revoked Cooley's probation.

¶ 13　　To be clear, we do not suggest that there was insufficient evidence to establish a violation of Condition 5. Rather, we hold only that the factual findings that the district court made do not support its conclusion that Cooley violated Condition 5's restrictions.

## III. Condition 4

¶ 14     Next, Cooley argues that, because Condition 4 infringes on his right to familial association, his violation of that condition could not serve as the basis for revocation of his probation. We agree.

### A. Preservation

¶ 15     Before reaching the merits of Cooley's arguments, we consider the People's assertion that Cooley either affirmatively waived or failed to preserve his constitutional challenge.

#### 1. Affirmatively Waived

¶ 16     The People first assert that Cooley's counsel waived his constitutional challenge by telling the district court in argument that the constitutionality of Condition 4 was "not necessarily" before it. At the second sentencing hearing, defense counsel told the court that

> I think . . . absent the Court making specific findings at Mr. Cooley's last sentencing . . . that he shouldn't . . . for some specific reason have contact with his daughter, as required under [*Burns,*] . . . that violating his probation based on contact with his own daughter is unconstitutional as well. I know that is not necessarily before the Court but we want to make that record and the case needs to be preserved for appellate purposes.

¶ 17    It is not clear why, given the argument surrounding the statement, defense counsel told the court that the constitutionality of Cooley's probation conditions was not before it.  Indeed, a revocation hearing arising from the violation of allegedly unconstitutional conditions of probation would seem to be an ideal time for such a challenge.  *See People v. Ickler*, 877 P.2d 863, 866 (Colo. 1994) ("The issues for determination in a probation revocation proceeding are whether the defendant has violated *a valid condition* of his or her probation and, if so, what action is appropriate in light of the violation.") (emphasis added).

¶ 18    Nonetheless, Cooley's counsel did raise the constitutionality of the conditions at the hearing, he cited relevant case law, and he stated that he wished to preserve the issue for appeal, thereby "present[ing] [the district court] with an adequate opportunity to make findings of fact and conclusions of law" on the issue.  *People v. Melendez,* 102 P.3d 315, 322 (Colo. 2004).  And we certainly cannot say that counsel's misunderstanding as to which issues were properly before the district court amounted to an "*intentional* relinquishment of a *known* right."  *People v. Rediger,* 2018 CO 32, ¶

39 (quoting *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984)). Thus, Cooley did not waive the issue.

### 2. Cooley's Constitutional Challenge Was Timely Raised

¶ 19 The People next argue that even if Cooley did not affirmatively waive the issue, he did not raise it in a timely or sufficient manner, and thus it was not preserved. This is so, the People claim, because Cooley did not object to Condition 4 at the time it was imposed, and because even if Cooley's counsel mentioned the issue "in passing" at hearings, Cooley never "issu[ed] a developed challenge[.]" We disagree with both assertions.

¶ 20 Legal arguments can be preserved for appeal by raising them at various times throughout the trial proceedings. *See Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010) (holding that party preserved appellate argument by asserting it in closing argument); *People v. Silva*, 987 P.2d 909, 913 (Colo. App. 1999) (presenting sum and substance of argument preserves the argument for appellate review). The purpose of the contemporaneous objection rule is to conserve judicial resources by alerting the district court to a particular issue in order to give the court an opportunity to correct any error that could otherwise

jeopardize a defendant's right to a fair trial. *People v. Pahl*, 169 P.3d 169, 183 (Colo. App. 2006).

¶ 21    At Cooley's second revocation hearing (the one at issue here), while cross-examining Cooley's probation officer, defense counsel asked how the *Burns* decision applied to Cooley's case:

> Q: And you're familiar with the *Burns* case?
>
> A: I am.
>
> Q: And there was a memorandum that went out in March of last year that talked about the Court needing – (inaudible) – to make specific findings that it was inappropriate for someone to have contact with their children.
>
> A: That's true.
>
> Q: Okay. And you were at Mr. Cooley's last sentencing hearing and those findings were made?
>
> A: There was no discussion regarding contact with his children, is that what you are asking?
>
> Q: Yes.
>
> A: Okay. I'm sorry, yes

Later, at that same hearing, Cooley's counsel again brought up the *Burns* decision, this time in argument, as discussed earlier in Part III.A.1. The district court did not rule on the constitutionality of the conditions at that hearing.

¶ 22    Defense counsel presented more argument on this issue at the sentencing hearing following Cooley's second revocation.  Counsel cited to *Burns* again and argued that "placing the condition on Mr. Cooley not to have contact with his child . . . violate[d] his fundamental right or liberty interest . . . .  [O]n that ground[] I don't think there should have even been a violation."  At that hearing, the People also acknowledged the *Burns* decision — and its applicability to the proceedings — on three separate occasions.

¶ 23    The People argue now that Cooley should have objected to Condition 4 "when the court *first imposed* the condition" or "the first time the court revoked . . . his probation and reinstated the no-contact provision."  Objecting at either of those times, they assert, would have "allowed for appellate review at a time appropriate to determining whether the condition could continue to validly serve as the basis for a restraint."  We agree that Cooley could have — and perhaps should have — raised this challenge at the time the conditions were first imposed, or at his first revocation/sentencing hearing when the conditions were reimposed.  However, his failure to do so did not deprive the district court of the opportunity to properly consider and rule upon the issue.  To be sure, Cooley's

11

counsel raised the issue several times at both the revocation and sentencing hearings underlying this appeal. Because the issue was raised when the district court had an adequate opportunity to decide the issue, Cooley preserved it for appellate review.

### 3. Cooley's Constitutional Challenge was Adequately Developed

¶ 24    We also conclude that Cooley sufficiently developed his constitutional challenge. An adequate objection allows the district court a meaningful chance to prevent or correct the error and creates a record for appellate review. *Martinez v. People*, 2015 CO 16, ¶ 14. Raising the "sum and substance" of an argument is sufficient to preserve it. *In re Estate of Ramstetter*, 2016 COA 81, ¶ 68. An objection is sufficiently specific when it draws the court's attention to the asserted error. *Martinez*, ¶¶ 13-14.

¶ 25    Defense counsel and the prosecution both acknowledged the holding of the Tenth Circuit in *Burns*. Further, defense counsel laid out the argument clearly and made the argument more than once. This development was sufficient to alert the district court to the issue.

## B. Standard of Review

¶ 26    We consider de novo whether a probation condition is constitutional or statutorily authorized. *People v. Devorss*, 277 P.3d 829, 835 (Colo. App. 2011). We review a district court's decision to revoke probation, however, for an abuse of discretion. *Ickler*, 877 P.2d at 866. A district court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or misapplies or misconstrues the law. *People v. Ehrnstein*, 2018 CO 40, ¶ 13.

¶ 27    We review trial errors of constitutional dimension that were preserved by objection for constitutional harmless error. *Krutsinger v. People*, 219 P.3d 1054, 1058 (Colo. 2009). These errors require reversal unless the reviewing court is "able to declare a belief that [the error] was harmless beyond a reasonable doubt." *Hagos v. People*, 2012 CO 63, ¶ 11 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

## C. Specific Findings Were Necessary

¶ 28    The People argue that Condition 4 was valid because conditions of probation may, in certain situations, infringe on fundamental liberty interests. We agree with this general proposition, but that is not the issue before us. Rather, the issue

13

we confront here is what process, if any, district courts must follow before imposing conditions that infringe on an offender's fundamental constitutional rights.

¶ 29    Relying in large part on the Tenth Circuit's opinion in *Burns*, 775 F.3d 1221, Cooley argues that Condition 4 unconstitutionally infringes on his constitutional right to familial association by prohibiting him from interacting with his own children.  Although he acknowledges that compelling circumstances can justify restrictions on a probationer's right to familial association, he contends that nothing in the record supports the limitations created by Condition 4 or establishes that those conditions are the least restrictive available means to accomplish his probation's legitimate purpose.

¶ 30    In *Burns*, the defendant was convicted of possession of child pornography and sentenced to sixty-three months in prison with five years of supervised release.  *Id.* at 1222.  Similar to Condition 4 here, Burns's supervised release (i.e., probation) barred him from contact with any minors, including his daughter.  *Id.*  Arguing that the condition violated his fundamental constitutional right to familial association, Burns appealed the district court's decision to

14

impose it.  *Id.*  Reviewing for plain error, the Tenth Circuit reversed, holding that "when a court imposes a special condition that invades a fundamental right or liberty interest, the court must justify the condition with compelling circumstances." *Id.* at 1223.  Because the district court had not made any such findings, it improperly imposed the condition restricting Burns's familial contact during probation.

¶ 31    While we are not bound by *Burns*, divisions of this court — consistent with its holding — have previously recognized that a condition of probation that infringes upon a constitutionally protected right must be tailored to accomplish the probation's legitimate purpose.  *See People v. Forsythe*, 43 P.3d 652, 654 (Colo. App. 2001); *see also People v. Bolt*, 984 P.2d 1181, 1183-84 (Colo. App. 1999).  To evaluate the validity of similar restrictions, those opinions have considered a set of factors laid out by our supreme court in *Brockelman*, 933 P.2d 1315: (1) whether the restriction is reasonably related to the underlying offense; (2) whether the restriction is punitive to the point of being unrelated to rehabilitation; (3) whether the restriction is unduly severe and restrictive; (4) whether the defendant may petition the court to lift

15

the restriction temporarily when necessary; and (5) whether less restrictive means are available.  *See id.* at 1319 (evaluating the validity of probationer's geographical restrictions); *see also Forsythe*, 43 P.3d at 654 (applying the *Brockelman* factors when evaluating the constitutionality of a probation condition that restricted probationer's unsupervised contact with her children).

¶ 32    Our difficulty in this case is that the record contains insufficient information to apply these factors.  A completed CCA would be the ideal resource (although, depending on the remainder of the record, not necessarily an essential one in every case), but Cooley was never administered a CCA.  It is on this shortcoming that we find *Burns* persuasive.[2]

---

[2] Colorado's Sex Offender Management Board (SOMB) has reached the same conclusion.  After *United States v. Burns*, 775 F.3d 1221 (10th Cir. 2014), was published, the SOMB issued a memorandum acknowledging that a general prohibition on contact between sex offenders and their children was no longer best practice.  The memorandum recognized that the *Burns* decision created a presumption in favor of sex offenders having contact with their children that could only be overcome in compelling circumstances. *See* Colo. Sex Offender Mgmt. Bd., *Position Regarding A Sex Offender's Contact with His or Her Own Child* (Mar. 18, 2016), https://perma.cc/4ZFA-35CP.

¶ 33    Implicit in the approach adopted in *Brockelman* is that a court striking a balance between the terms of probation and an offender's constitutional rights will have adequate information available to support its exercise of discretion.  *See Forsythe*, 43 P.3d at 654 ("The record shows that defendant had a longstanding history of being unwilling or unable to provide safe and adequate care for her young children."); *see also People v. Lientz*, 2012 COA 118, ¶¶ 17-18 (detailing record evidence in support of conclusion that the conditions of probation were reasonably related to the defendant's rehabilitation or the purposes of probation).

¶ 34    Here, however, the record includes almost no such evidence.  In the absence of a CCA, we look to the remaining record for findings that could justify Condition 4, but find virtually none.  At Cooley's first sentencing hearing, the district court stated:

> I'm going to sentence you to probation for ten years to life on sexual offender intensive supervised probation.  You are to abide by all conditions of the adult sex offender treatment program, abide by the computer use program. You are to register as a sex offender.  You are to enroll in offense specific treatment as directed by your supervising probation officer, cooperate with all conditions of treatment; have no contact with anyone under the age of

17

> 18 without prior approval of the supervising probation officer and treatment team.

There was no discussion about, or any objection to, Condition 4. The district court did not address what, if any, compelling circumstances led to the decision to restrict Cooley's ability to see his daughter.

¶ 35 Subsequent proceedings offer little additional information. At Cooley's first revocation and resentencing hearing, the district court simply stated that it was "revoking and regranting probation for the same ten years to life with all the SOISP conditions that previously were imposed." And in the revocation and resentencing hearings that gave rise to this appeal, the court likewise did not outline its reasons for imposing Condition 4.

¶ 36 With so little to go on — and without any immediately apparent connection between Cooley's offense and the need to restrict his familial contact — we lack a sufficient record to apply the *Brockelman* factors. Thus, like many other courts, we hold that, at least in situations where the need for such restrictions is not

self-evident,[3] conditions of probation that infringe on a defendant's fundamental constitutional rights must be supported by a specific finding that (1) compelling circumstances require their imposition and (2) less restrictive means are not available. *See, e.g., United States v. Doyle*, 711 F.3d 729, 732-33 (6th Cir. 2013) (holding that a trial court errs procedurally "if it fails, at the time of sentencing, to state in open court its rationale for mandating a special condition of supervised release"); *United States v. Hobbs*, 710 F.3d 850, 854 (8th Cir. 2013) (holding that while conditions requiring defendants to receive permission from a probation officer before contacting their own children are permissible, "an 'individualized inquiry,' and a 'particularized showing' of need for the condition, is required in each case" (quoting *United States v. Springston*, 650 F.3d 1153, 1156 (8th Cir. 2011))); *United States v. Wolf Child*, 699 F.3d 1082, 1089-94 (9th Cir. 2012) (requiring the district court to make "enhanced" findings before imposing a special condition that implicates the defendant's constitutional rights); *Simants v. State*,

---

[3] The need for restrictions in some situations is obvious — for example, it is difficult to imagine that continued familial contact would be appropriate for a defendant who sexually assaulted a child or stepchild living in his or her household.

329 P.3d 1033, 1039 (Alaska Ct. App. 2014) (holding that "the constitutional importance of a person's right to maintain familial relationships" required trial court to affirmatively demonstrate that the defendant was a danger to her children before restricting familial contact as a condition of probation); *Ex parte Fineberg*, Nos. PD-1024-17 & PD-1025-17, 2018 WL 4762386, at *6 (Tex. Crim. App. Oct. 3, 2018) (unpublished opinion) (finding that before imposing terms of probation depriving a defendant of her fundamental right to care, custody, and management of her own child, the trial court "should have first afforded Appellant proper procedural due process in the form of a hearing"). *But see United States v. Schewe*, 603 F. App'x 805, 812 (11th Cir. 2015) (rejecting need for heightened procedures or strict scrutiny when a special condition burdens a constitutional right).

### D. Remedy

¶ 37 Cooley contends that the lack of evidentiary support requires us to reverse his revocation and remand the case with instructions to the district court to amend or eliminate Condition 4. The People respond that, if we do not affirm Cooley's revocation, we should

20

remand the case so that the district court may assess whether Condition 4 is appropriate in light of this opinion.

¶ 38 We have concluded that the district court's findings did not establish a violation of Condition 5, and that the existing record does not establish that Condition 4 was constitutionally imposed. For that reason, we must reverse the revocation of Cooley's probation.

¶ 39 We decline, however, to instruct the district court to amend or eliminate Condition 4. Certainly, as the record stands, that condition may not be imposed. But on remand, the district court may reconsider whether Condition 4 is warranted. Once there is sufficient information, the court may, as outlined in *Brockelman*, consider whether any restrictions are adequately tailored to accomplish the probation's legitimate purpose. If the restriction passes statutory and constitutional muster, the court may reimpose Condition 4. If they do not, then the district court should amend or eliminate the offending conditions.

## IV. Conclusion

¶ 40 Because the record lacks adequate justification for the imposition of Condition 4, and because the district court's findings

did not demonstrate that Cooley had violated Condition 5, we reverse the district court's order revoking Cooley's probation and resentencing him to the DOC.

¶ 41     We remand the case to the district court so that it may take the steps necessary to determine whether Condition 4 should be part of Cooley's SOISP in the future, and if so, to make the requisite findings in support of that conclusion.  If the district court determines that circumstances do not justify the imposition of Condition 4, then the terms of Cooley's probation should be amended accordingly.

JUDGE FURMAN and JUDGE BERGER concur.