21CA0621 Peo v Snyder 02-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 21CA0621
Pitkin County District Court No. 18CR69
Honorable Christopher G. Seldin, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Lilith Newmoon Hazel Snyder,

Defendant-Appellant.

APPEAL DISMISSED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 27, 2025

Philip J. Weiser, Attorney General, Brenna Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Cynthia A. Harvey, Alternate Defense Counsel, Aurora, Colorado, for
Defendant-Appellant

¶ 1    Defendant, Lilith Newmoon Hazel Snyder, appeals a condition of her probationary sentence.  We dismiss the appeal.

## I.    Background

¶ 2    As part of a plea agreement, Snyder pleaded guilty to second degree burglary in exchange for dismissal of the remaining charges. The parties stipulated that Snyder would not be sentenced to prison, but they left all other sentencing options open to the court.

¶ 3    At the sentencing hearing, the district court learned that because Snyder did not qualify for community corrections, the only available sentencing option was a sentence to probation.  The court accepted the plea agreement and sentenced Snyder to four years of probation with, as now relevant, a ninety-day jail sentence as a condition.

¶ 4    On appeal, Snyder contends that the district court "abused its discretion when it imposed an arbitrary sentence of 90 days jail as a condition of her probationary sentence" because it "focused on uncharged and unsubstantiated acts," "discount[ed] significant mitigation," and "prioritiz[ed] punishment over all other sentencing criteria."

## II.    Discussion

¶ 5    Because we must always ensure that we have jurisdiction to hear an appeal, we may raise jurisdictional defects sua sponte, regardless of whether the parties have raised the issue.  *People v. S.X.G.*, 2012 CO 5, ¶ 9.  We conclude that we lack jurisdiction to review Snyder's sentence.

¶ 6    Section 18-1.3-104(1)(a), C.R.S. 2024, prohibits appellate review of "[t]he granting or denial of probation and the conditions of probation including the length of probation" unless probation is granted "contrary to the provisions of [Title 18]."  Thus, appellate courts do not have jurisdiction to review a challenge to probation unless the district court exceeded its statutory authority under Title 18.  *People v. Rossman*, 140 P.3d 172, 174 (Colo. App. 2006).

¶ 7    Snyder consented to probation in lieu of imprisonment; therefore, the district court had statutory authority to sentence her to probation with the conditions it deemed best — including a ninety-day jail commitment.  § 18-1.3-202(1)(a), C.R.S. 2024.  And absent a challenge to the court's statutory authority to impose the ninety-day jail condition, or that the condition itself violates a constitutional right, we are without jurisdiction to review it.  *See*

*People v. Brockelman*, 933 P.2d 1315, 1318 (Colo. 1997) ("A probationer may challenge terms of probation that are not within the statutory authority of the court" to impose.); *see also People v. Cooley*, 2020 COA 101, ¶ 26 (considering de novo whether a probation condition is constitutional or statutorily authorized).

¶ 8     Accordingly, because Snyder merely challenges the district court's exercise of discretion and not its statutory authority, we are without jurisdiction to review her claim.[1]

### III.   Disposition

¶ 9     The appeal is dismissed.

JUDGE GROVE and JUDGE PAWAR concur.

---

[1] In light of our disposition, we do not address the People's contention that because the sentence Snyder received was within the range to which she stipulated as part of a plea agreement, she is barred from challenging it by section 18-1-409, C.R.S. 2024.