22CA1247 Peo v Young 06-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA1247
Mesa County District Court No. 21CR1028
Honorable Valerie J. Robison, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James Ellis Young,

Defendant-Appellant.

---

SENTENCE AND ORDER REVERSED,
AND CASE REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LIPINSKY
Pawar and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

---

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Mackenzie R. Shields, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     James Ellis Young appeals the district court's mandatory protection order (the MPO) and the sentence imposed upon his guilty pleas to sexual assault on a child by one in a position of trust – victim less than fifteen years of age, first degree assault, and attempted sexual assault on a child.  He contends that the conditions of the MPO and his sex offender intensive supervision probation (SOISP) prohibiting him from having any contact with his biological children violate his constitutional right to familial association.

¶ 2     Because we conclude that the conditions infringe on Young's right to familial association and that the court plainly erred by failing to make the requisite findings to justify the imposition of such conditions, we reverse the MPO's no-contact condition as to his biological children, reverse the SOISP component of Young's sentence, and remand for further proceedings.  The portions of the MPO and the sentence not challenged in this appeal remain undisturbed.

## I.     Background

¶ 3     The charges against Young arose from his sexual assaults of N.F., his stepdaughter at the time.  When she was eleven, N.F.

reported that Young had sexually assaulted her for two and a half years, beginning when she was seven. At the time of the assaults, Young lived with his then wife, A.F.; their two biological children, M.Y. and B.Y.; and N.F.

¶ 4 Young was charged with two counts of sexual assault on a child (pattern of abuse), two counts of sexual assault on a child by one in a position of trust (pattern of abuse and victim less than fifteen years of age), and an aggravated sex offense count.

¶ 5 The court included in the MPO a condition prohibiting Young from contacting A.F. or N.F. The prosecution subsequently moved to amend the MPO to add M.Y. (age five) and B.Y. (age one) as protected parties. At the next hearing, defense counsel "t[ook] no position" on the motion to amend the MPO, and the court granted it.

¶ 6 Young later pleaded guilty to an amended count of sexual assault on a child by one in a position of trust (victim less than fifteen years of age), an added count of first degree assault, and an added count of attempted sexual assault on a child. In exchange, the prosecution agreed to dismiss the remaining charges and stipulated to an aggregate sentence of twelve years in the custody of

2

the Department of Corrections on the first degree assault and attempted sexual assault on a child counts and to an ensuing, consecutive sentence of twenty years to life on SOISP for the sexual assault on a child by one in a position of trust count. The plea agreement specified that "[a]ll terms not specified by this agreement shall be open to the [c]ourt."

¶ 7     The court imposed the stipulated sentences and ordered, as a condition of SOISP, that Young was prohibited from having contact with *any* children, including his biological children. The court also ordered that the MPO would remain in place until Young discharged his sentence.

## II.     Legal Authority and Standard of Review

¶ 8     A court has the discretion to grant probation subject to conditions that it deems reasonably necessary to ensure that the defendant will lead a law-abiding life and to assist the defendant in doing so. § 18-1.3-204(1)(a), C.R.S. 2024. Probation conditions may include a restriction on a sex offender's ability to contact or live with a minor family member. *People v. Cooley*, 2020 COA 101, ¶ 1, 469 P.3d 1219, 1221. Similarly, an MPO issued in a sexual assault on a child case may bar the defendant from contact or direct or

indirect communication with the alleged victim or a witness. § 18-1-1001(1), (3)(a)(II), C.R.S. 2024; *see also* § 24-4.1-302(1)(q)-(r), C.R.S. 2024.

¶ 9    Parents have a fundamental right to rear their children. *In re Parental Responsibilities of M.J.K.*, 200 P.3d 1106, 1112 (Colo. App. 2008); *In re Custody of C.M.*, 74 P.3d 342, 344 (Colo. App. 2002). "[A] parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.'" *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981) (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)); *see Troxel v. Granville*, 530 U.S. 57, 65 (2000) (Parents' "interest . . . in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by this Court."). The *Cooley* division acknowledged that "the constitutional importance of a person's right to maintain familial relationships" requires district courts to affirmatively demonstrate that defendants are a danger to their children before restricting familial contact as a condition of probation. *Cooley*, ¶ 36, 469 P.3d at 1226 (quoting *Simants v. State*, 329 P.3d 1033, 1039 (Alaska Ct.

4

App. 2014)).  The *Cooley* division also cited as "persuasive" *United States v. Burns*, 775 F.3d 1221 (10th Cir. 2014).  *Cooley*, ¶¶ 31-32, 469 P.3d at 1225.  In *Burns*, the Tenth Circuit held that, because fathers have a fundamental liberty interest in maintaining their familial relationships with their children, the district court could only restrict the defendant's contact with his child upon a finding of compelling circumstances.  *Burns*, 775 F.3d at 1223.

¶ 10    Consistent with *Burns*, the *Cooley* division said that "a condition of probation that infringes upon a constitutionally protected right must be tailored to accomplish the probation's legitimate purpose."  *Cooley*, ¶ 31, 469 P.3d at 1225.  To evaluate the validity of such restrictions, a court must consider

> (1) whether the restriction is reasonably
> related to the underlying offense; (2) whether
> the restriction is punitive to the point of being
> unrelated to rehabilitation; (3) whether the
> restriction is unduly severe and restrictive;
> (4) whether the defendant may petition the
> court to lift the restriction temporarily when
> necessary; and (5) whether less restrictive
> means are available.

*Id.* (citing *People v. Brockelman*, 933 P.2d 1315, 1319 (Colo. 1997)).

¶ 11    Thus, "in situations where the need for [a contact restriction] is not self-evident, conditions of probation that infringe on a

5

defendant's fundamental constitutional rights must be supported by a specific finding that (1) compelling circumstances require their imposition and (2) less restrictive means are not available." *Id.* at ¶ 36, 469 P.3d at 1226 (footnote omitted).

¶ 12 We review de novo whether the no-contact conditions are constitutional. *See id.* at ¶ 26, 469 P.3d at 1224.

¶ 13 The plain error standard of review applies to this case because Young did not object to the imposition of the no-contact conditions. *See Hagos v. People*, 2012 CO 63, ¶ 14, 288 P.3d 116, 120 ("[W]e review all . . . errors, constitutional and nonconstitutional, that were not preserved by objection for plain error."). "An error is plain when it is obvious, substantial, and 'so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction.'" *Johnson v. People*, 2023 CO 7, ¶ 29, 524 P.3d 36, 42 (quoting *People v. Rediger*, 2018 CO 32, ¶ 48, 416 P.3d 893, 903).

¶ 14 "An error is obvious if it is 'so clear-cut' that 'a trial judge should be able to avoid it without benefit of objection.'" *People v. Ramcharan*, 2024 COA 110, ¶ 63, 562 P.3d 425, 436 (quoting *People v. Crabtree*, 2024 CO 40M, ¶ 42, 550 P.3d 656, 667); *see*

*Campbell v. People*, 2020 CO 49, ¶ 25, 464 P.3d 759, 765 ("Plain errors must be so obvious that trial judges should be able to avoid them without the benefit of an objection."). A substantial error is one that "substantially influenced the verdict or affected the fairness of the trial proceedings." *Hagos*, ¶ 12, 288 P.3d at 119 (quoting *Tevlin v. People*, 715 P.2d 338, 342 (Colo. 1986)).

### III. Analysis

¶ 15 As a threshold matter, the People argue that the court was not required to make the *Cooley* findings because, "[u]nder the[] circumstances[] in which Young sexually assaulted his custodial child, the need for a no-contact order prohibiting Young from contacting N[.]F[.], the victim of his crimes, as well as his two biological, minor-aged daughters . . . was 'self-evident' and 'obvious.'"

¶ 16 We decline to address whether the need for the no-contact conditions as to Young's biological children was self-evident or obvious for two reasons. First, the court made findings — albeit insufficient ones — in support of the no-contact condition of SOISP and, therefore, apparently did not believe the need for the condition was self-evident. Second, the prosecutor did not argue in the

7

district court that barring Young from any contact with his biological children was so self-evident that findings were unnecessary, and the People raised the issue for the first time on appeal. *See People v. Spomer*, 2025 COA 39M, ¶ 43, ___ P.3d ___, ___; *see also LTCPRO, LLC v. Johnson*, 2024 COA 123, ¶¶ 46-47, 564 P.3d 663, 671-72 (The division declined to address an issue for the first time on appeal because the district court did not make the requisite factual findings and, "[a]lthough we have discretion to affirm on any ground supported by the record, 'we are a court of review, not of first view.'" (quoting *Doe v. Wellbridge Club Mgmt. LLC*, 2022 COA 137, ¶ 31, 525 P.3d 682, 689)).

¶ 17    Thus, we turn to the sufficiency of the court's findings supporting its decision to bar Young from contacting his children.

¶ 18    As the division explained in *Cooley*, a court cannot impose SOISP conditions barring the defendant from contact with the defendant's children absent "a specific finding that (1) compelling circumstances require . . . imposition [of the contact restriction] and (2) less restrictive means are not available," *Cooley*, ¶ 36, 469 P.3d at 1226.

¶ 19    When setting the conditions of Young's SOISP, the court said it was "not allowing contact with any children," even though the court recognized that the evaluation determined that Young was "low risk[] in many areas" and that he was an overall low risk for sexual re-offense. Nonetheless, the court found that restricting Young's contact with all children, including his biological children, was "appropriate" because the evaluation deemed Young to be a high risk with respect to his ability to recognize thoughts or attitudes that support sexual offending and a moderate-high risk with respect to his commitment to addressing his sexual problems through treatment. The court further found that Young's apparent unwillingness to participate in offense-specific treatment made him an "extremely high [risk] to any children."

¶ 20    After imposing the no-contact restriction, the court clarified that it encompassed Young's "own children." The court said that the restriction on contact with children generally, and with Young's own children specifically, was "based on the tender years of N.F., the age that she was at the time [of the sexual assaults], and all of the attendant circumstances."

¶ 21    (The section of the evaluation addressing "Contact with Children/Own Children/Others" only recommended restricting Young's contact with his current girlfriend's daughter. It made no reference to N.F. or to Young's biological children, possibly because, as the evaluation indicated, he "does not have any contact with his biological children or other non-related children." Further, as in *Cooley*, the record does not indicate whether a child contact assessment was performed. *See id.* at ¶¶ 4, 32, 469 P.3d at 1221, 1225.)

¶ 22    Significantly, the court made no findings as to whether compelling circumstances required barring Young from any contact with his biological children or whether "less restrictive means" than an unconditional bar were "not available." *Id.* at ¶ 36, 469 P.3d at 1226. And the court made no findings whatsoever when it amended the MPO to add Young's biological children as protected persons covered by the no-contact condition.

¶ 23    Under these circumstances, we conclude that the no-contact conditions as to Young's biological children infringed on his right to familial association and that the court did not make sufficient findings to justify the imposition of such conditions. Further, we

10

are not convinced that we can infer from the court's findings that it found the type of compelling circumstances that would justify barring Young from any contact with his biological children. *See id.* at ¶ 36, 469 P.3d at 1226; *see also United States v. Bear*, 769 F.3d 1221, 1229 (10th Cir. 2014) ("When a defendant has committed a sex offense against children or other vulnerable victims, general restrictions on contact with children ordinarily do not involve a greater deprivation of liberty than reasonably necessary. But restrictions on a defendant's contact with his own children are subject to stricter scrutiny.") (citation omitted).

¶ 24    Moreover, even if the court's findings could be interpreted to encompass a specific finding of compelling circumstances to justify the contact restriction, we are not convinced that they adequately showed that the court considered, and found, that less restrictive means were not available. *See Cooley*, ¶ 39, 469 P.3d at 1227. The court did not refer to any alternative to the sweeping prohibition barring Young from any form of contact with his biological children. On remand, the court may determine that the conditions are justified; we only hold that the court's findings are insufficient based on the current record.

11

¶ 25    Accordingly, we conclude that the court erred by failing to make the required findings before imposing the no-contact conditions as to Young's biological children.

¶ 26    We next turn to whether the error was plain because, as noted above, Young did not object to the conditions in the district court.

¶ 27    "[T]o qualify as plain error, an error must generally be so obvious *at the time of trial* that the judge should be able to avoid it without the benefit of an objection." *Crabtree*, ¶ 18, 550 P.3d at 663. Because *Cooley* was announced before the court entered the MPO and imposed the SOISP conditions, we conclude that the court's error by failing to make the *Cooley* findings was obvious. *See Campbell*, ¶ 25, 464 P.3d at 765 (An error is obvious if it contravenes "clear statutory prescription, a well-settled legal principle, or established Colorado case law."). (More recent cases have expanded on *Cooley*'s analysis of restrictions on a defendant's right to familial association. *See, e.g.*, *People v. Zoller*, 2023 COA 117, ¶ 20, 544 P.3d 1251, 1256 (holding that a no-contact provision in a mandatory protective order infringing on a defendant's fundamental right to parental association can only survive a constitutional challenge if the court found the restriction was

"justified by compelling circumstances" and "the purpose of the order cannot be accomplished by less restrictive means"); *People v. Salah*, 2022 COA 134M2, ¶ 22, 525 P.3d 298, 302 (concluding that a parole condition barring the defendant from contact with his nephew did not infringe on the defendant's right to familial association because the defendant "had no parental or custodial role with his nephew, and he otherwise failed to demonstrate the nature of his relationship with his sister and nephew"), *aff'd*, 2024 CO 54, 550 P.3d 698. But for purposes of our plain error review, we do not consider cases announced after the court imposed the restrictions at issue. *See Crabtree*, ¶ 18, 550 P.3d at 663.)

¶ 28 Because the no-contact conditions implicated Young's constitutional rights, we conclude that the error was also substantial. "A plain error is one which deprives a litigant of fundamental rights." *People v. Ramirez*, 56 P.3d 89, 93 (Colo. 2002); *see Burns*, 775 F.3d at 1223 (holding that the district court plainly erred by restricting the defendant's right to familial association because it had not made "the constitutionally required findings").

¶ 29    On remand, the court may reconsider whether the no-contact conditions as to Young's biological children are warranted and reimpose the conditions if they "pass[] statutory and constitutional muster." *Cooley*, ¶ 39, 469 P.3d at 1227.  As part of that analysis, the court must consider whether compelling circumstances require imposition of the conditions and less restrictive means are not available.  *Id.* at ¶ 36, 469 P.3d at 1226.  If not, "then the district court should amend or eliminate" the conditions.  *Id.* at ¶ 39, 469 P.3d at 1227.

## IV.    Disposition

¶ 30    The MPO and the sentence are reversed, and the case is remanded for further proceedings consistent with this opinion.  The portions of the MPO and the sentence not challenged in this appeal remain undisturbed.

JUDGE PAWAR and JUDGE LUM concur.