Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2023 CO 7**

**No. 21SC665, *Johnson v. People*—Statutory Interpretation—Waiver—Forfeiture—Plain Error—Plain Meaning—Jury Instructions—Constitutional Vagueness—Sufficiency of the Evidence.**

The defendant was convicted under section 18-12-111(1), C.R.S. (2022), which provides that "[a]ny person who knowingly purchases . . . a firearm . . . for transfer to a person who the transferor knows or reasonably should know is ineligible to possess a firearm pursuant to federal or state law commits a class 4 felony." On appeal, she asserted that the prosecution's evidence was insufficient to prove that her conduct constituted a "transfer" under the statute because she merely made the gun available to the transferee. She also challenged the statute as unconstitutionally vague on its face and as applied to her.

A division of the court of appeals held that the statute's use of the term "transfer" includes temporary transfers and, based on that definition, that the evidence was sufficient to sustain the conviction. The division also concluded that the defendant waived her constitutional challenges.

The supreme court now holds that the term "transfer," as used in section 18-12-111(1), includes temporary transfers and the shared use of a firearm. Thus, the evidence was sufficient to sustain the defendant's conviction. The supreme court also concludes that although the defendant didn't waive her constitutional challenges, she forfeited them. However, because there wasn't a legal definition of "transfer" before today, any error in failing to further define the term for the jury wasn't obvious and doesn't warrant reversal for plain error. The supreme court therefore affirms the judgment of the court of appeals.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2023 CO 7**

**Supreme Court Case No. 21SC665**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 18CA1212

**Petitioner:**

Sylvia Johnson,

v.

**Respondent:**

The People of the State of Colorado.

**Judgment Affirmed**
*en banc*
February 6, 2023

**Attorneys for Petitioner:**
Henson Law, LLC
Patrick R. Henson
　　　*Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Joseph G. Michaels, Assistant Solicitor General
　　　*Denver, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court, in which **CHIEF JUSTICE BOATRIGHT**, **JUSTICE MÁRQUEZ**, **JUSTICE GABRIEL**, **JUSTICE HART**, **JUSTICE SAMOUR**, and **JUSTICE BERKENKOTTER** joined.

JUSTICE HOOD delivered the Opinion of the Court.

¶1     A jury found defendant Sylvia Johnson guilty of unlawfully purchasing a firearm "for transfer to" a man she identified as her common law husband, Jaron Trujillo, who was legally prohibited from possessing a firearm. *See* § 18-12-111(1), C.R.S. (2022). The primary issue before us is what the term "transfer" means under this so-called "straw-purchaser" statute. We hold that it includes temporary transfers and the shared use of a firearm. After addressing related issues below, we affirm the judgment of the court of appeals, albeit on slightly different grounds.

## I. Facts and Procedural History

¶2     In March 2017, police officers arrested Trujillo for illegal firearm possession. A prior felony conviction and a recent protection order left Trujillo ineligible to possess a gun under Colorado law. Upon his arrest, Trujillo told the officers the gun belonged to Johnson and she had let him borrow it. Johnson was then charged with violating section 18-12-111(1). Johnson's knowledge of Trujillo's ineligibility was undisputed at trial.

¶3     Two weeks before Trujillo's arrest, Johnson and Trujillo went to a pawn shop where Johnson purchased a handgun after spending almost an hour near the gun display. Trujillo was at her side and handled several of the guns in the display, including some that Johnson had examined.

¶4 Upon returning home, Johnson placed the gun in her closet, out of the reach of her children. Although she knew Trujillo wasn't allowed to possess the gun, she told him where she had put it. Johnson testified at trial that she purchased the gun because she was worried about her family's safety, and she told a detective by phone that she had bought the gun because she was particularly concerned about Trujillo's safety when he went outside her apartment to smoke cigarettes. During the call, a recording of which was admitted as an exhibit at trial, Johnson also told the detective she was unsurprised when Trujillo told the police she had let him use the gun for his protection.

¶5 At trial, the jurors were instructed to find Johnson guilty if they were convinced beyond a reasonable doubt that she knowingly purchased a firearm "for transfer to" Trujillo, a person she reasonably knew or should have known was ineligible to possess one.

¶6 While deliberating, the jurors posed two questions to the court about the meaning of "transfer." First, they asked whether there was a legal definition of "transfer." In response, the prosecution suggested that the court inform the jurors that "transfer" retained its common, everyday meaning. At the urging of the defense, however, the court referred the jury back to the original instructions, noting that there was no statutory definition of "transfer." Second, the jurors asked several hours later whether they could read the language from the unlawful-

3

purchase statute directly. After conferring with the parties, the court simply informed the jury that the elemental jury instruction tracked the language in the statute.

¶7    Minutes later, the jury returned a guilty verdict.

¶8    On appeal, Johnson argued that there was insufficient evidence for her conviction because the prosecution had not proven that a "transfer" occurred. She also argued, for the first time, that the statute was unconstitutionally vague on its face and as applied to her because it didn't provide adequate notice that the statute prohibited her conduct.

¶9    The division first held that there was sufficient evidence to convict Johnson because temporary transfers are covered by the statute. *People v. Johnson*, 2021 COA 102, ¶¶ 22, 29, 498 P.3d 157, 162–63. The division further concluded that Johnson had waived her vagueness challenges at trial by failing to offer a definition of "transfer" in response to the jury's request. *Id.* at ¶ 54, 498 P.3d at 166. Therefore, the division affirmed Johnson's conviction. *Id.* at ¶ 56, 498 P.3d at 166.

¶10    Johnson petitioned this court for certiorari review, which we granted.[1]

---

[1] We granted certiorari to review the following issues:

4

## II. Analysis

¶11    After clarifying that section 18-12-111(1)'s definition of "transfer" includes temporary transfers and shared use, we conclude that there is sufficient evidence to support Johnson's conviction.  We also conclude that, while Johnson didn't waive her vagueness challenges, she forfeited them.  Because the forfeited challenges don't constitute plain error, we affirm the judgment of the court of appeals.

---

1. Whether the court of appeals reversibly erred and violated the petitioner's due process right in affirming the petitioner's conviction on the sole count of unlawful purchase of firearms where the government failed to prove that the petitioner purchased a firearm "for transfer to" a person ineligible to possess a firearm.

2. Whether the court of appeals reversibly erred in holding that the petitioner waived her right to challenge whether section 18-12-111(1), C.R.S. (2021), is unconstitutionally vague on its face and is unconstitutionally vague as applied to the petitioner when defense counsel "resisted the prosecutor's attempt to provide the jury with a definition of 'transfer.'"

3. [ADDITIONAL ISSUE] Whether section 18-12-111(1), C.R.S. (2021), is unconstitutionally vague as applied to the petitioner because it does not define "transfer."

## A. Sufficiency of the Evidence

¶12 Johnson contends that the prosecution's evidence was insufficient to support her conviction because the government merely alleged that she gave Trujillo "unsupervised access" to the firearm, an interpretation of the relevant statute that she claims fails as a matter of law.

¶13 Due process requires the prosecution to present sufficient evidence to prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 315 (1979). When a defendant challenges the sufficiency of the evidence, "[w]e review the record de novo to determine whether the evidence before the jury was sufficient both in quantity and quality to sustain the defendant's conviction." *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010). We use a "substantial evidence test," which considers "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *Id.* (quoting *People v. Bennett*, 515 P.2d 466, 469 (1973)).

## 1. Definition of "Transfer"

¶14 Colorado law provides that "[a]ny person who knowingly purchases . . . a firearm . . . *for transfer to* a person who the transferor knows or reasonably should know is ineligible to possess a firearm pursuant to federal or state law commits a

class 4 felony." § 18-12-111(1) (emphasis added). Whether the evidence was sufficient to sustain Johnson's conviction turns on the definition of "transfer." The parties debate the scope of this statutory term. When the meaning of relevant statutory language is contested, the first step of a sufficiency analysis is statutory interpretation. *See, e.g., McBride v. People*, 2022 CO 30, ¶ 21, 511 P.3d 613, 616–17.

¶15 We review the division's statutory interpretation de novo. *Id.* at ¶ 22, 511 P.3d at 617. In construing a statute, we seek to effectuate the legislature's intent. *Id.* at ¶ 23, 511 P.3d at 617. We first consider the statute's language, "assigning its words and phrases their plain and ordinary meanings." *Id.* In our interpretation, we avoid construing a statute in a way that would render part of it superfluous. *Id.* "If the statutory language is unambiguous, then we look no further." *Id.* If the statute is ambiguous, which occurs when it is reasonably susceptible of multiple interpretations, we may consider other aids to statutory construction. *Id.*

¶16 Because the word "transfer" is not defined by statute, we begin by consulting a recognized dictionary to discern the term's plain and ordinary meaning. *See People v. Lucy*, 2020 CO 68, ¶ 31, 467 P.3d 332, 338. Common

dictionary definitions encompass temporary transfers and shared use.[2]  For example, Merriam-Webster defines "transfer" as: "to convey from one person, place, or situation to another"; "to cause to pass from one to another"; and "to make over the possession or control of."  Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/*transfer* [https://perma.cc/H4K2-XL9M].

¶17     If the word "transfer" in section 18-12-111(1) encompasses only permanent transfers, as Johnson suggests, then it would render part of the statute superfluous. The statute prohibits *both* the purchase of a firearm "for transfer to" and "on behalf of" someone ineligible to possess one.  *Id.*  Because buying a firearm "on behalf of" someone contemplates a permanent transfer to an ineligible person, Johnson's reading is repetitive, and we reject it.  "Transfer," as used in this context, includes the shared use of firearms and other types of temporary changes in possession.

¶18     Even so, Johnson argues that making a gun accessible in a shared household is not covered by section 18-12-111(1).  Perhaps, but we need not resolve that issue to affirm the division's judgment.  There is sufficient evidence for a reasonable

---

[2] "Use" in this context is tied to possession (even if only brief or temporary possession in some instances).  "Although possession can occur without use, use is preceded by possession."  *Campbell v. People*, 73 P.3d 11, 14 (Colo. 2003).

juror to conclude that Johnson purchased the firearm with the *intent to share* it with Trujillo and to allow him to use it intermittently.

## 2. Proof of Transfer

¶19 When examining the evidence in the light most favorable to the prosecution, a reasonable juror could have inferred that Johnson did more than simply make the gun available to Trujillo. Not only does the video from the pawn shop suggest a de facto joint purchase, Trujillo told the police that Johnson let him borrow the gun when he was arrested with it. Based on this evidence, a reasonable juror could conclude beyond a reasonable doubt that Johnson knowingly purchased the firearm "to make over the possession or control of" it by temporarily sharing it with Trujillo. *See* Merriam-Webster Dictionary, *supra*. Thus, the evidence was sufficient to support her conviction.

## B. Waiver, Forfeiture, and Plain Error

¶20 On appeal, Johnson argued for the first time that section 18-12-111(1) was unconstitutionally vague on its face and as applied to her because it did not provide adequate notice that her conduct was unlawful. The division held that Johnson waived these claims by urging the court not to provide the jurors with a definition of "transfer" when the jurors requested one. *Johnson*, ¶ 54, 498 P.3d at 166. The division further concluded that, even if Johnson didn't waive her claims,

any error in not defining "transfer" for the jury wasn't plain. *Id.* at ¶ 55, 498 P.3d at 166.

¶21 We agree with the division that any error wasn't plain and therefore didn't warrant reversal. Put differently: Johnson's claims were forfeited, not waived.

## 1. Vagueness Challenge Not Waived

¶22 Waiver is "the intentional relinquishment of a known right or privilege," *People v. Rediger*, 2018 CO 32, ¶ 39, 416 P.3d 893, 902 (quoting *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984)), and forfeiture is "the failure to make the timely assertion of a right," *id.* at ¶ 40, 416 P.3d at 902 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). While "waiver extinguishes error, and therefore appellate review, . . . forfeiture does not." *Id.* Whether the defendant's waiver of a right was knowing, voluntary, and intelligent is a question of law, so we review the division's holding de novo. *Bondsteel v. People*, 2019 CO 26, ¶ 21, 439 P.3d 847, 851.

¶23 The division observed that Johnson not only failed to offer a clarifying definition of "transfer" to the court, she urged the court not to provide one to the jury. *Johnson*, ¶¶ 54–55, 498 P.3d at 166. Based on this interaction, the division concluded that Johnson waived her vagueness challenges. *Id.* at ¶¶ 51–55, 498 P.3d at 165–66. In so doing, the division seemingly conflated a defendant's ability to challenge a statute's constitutionality with the ability to challenge jury

10

instructions. While these challenges may sometimes overlap, the underlying rights protect different interests and raise different concerns.

¶24 The vagueness doctrine arises out of the Fifth Amendment's Due Process Clause and provides that a statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *People v. Graves*, 2016 CO 15, ¶ 17, 368 P.3d 317, 324 (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). A court reviewing a vagueness challenge must therefore examine whether the statute provides a reasonable person with sufficient notice to understand what conduct is prohibited and whether the statute's language is sufficiently specific to prevent government officials from enforcing the statute in an arbitrary or discriminatory manner. *Williams*, 553 U.S. at 305–06.

¶25 By contrast, instructional error more typically results from incorrect statutory interpretation. *See People v. Garcia*, 28 P.3d 340, 345 & n.2 (Colo. 2001) (holding there was clear error because the jury instructions "contravened the intent of the legislature").

¶26 Johnson's vagueness challenges contest whether she was on notice that her conduct was prohibited, not whether the court misinformed the jury on how to

11

apply the statute. A jury instruction that is true to the legislature's intent does not necessarily cure a statute's alleged constitutional infirmity.

¶27 Because Johnson did not intentionally relinquish her right to challenge the statute's constitutionality by failing to provide a clarifying definition for a term in the jury instructions, and because the standard for waiver is so high, we conclude that Johnson didn't waive her vagueness challenges. *See, e.g.*, *Rediger*, ¶ 39, 416 P.3d at 902 (holding that because we "do not presume acquiescence in the loss of fundamental constitutional rights, . . . [we] indulge every reasonable presumption against waiver" (quoting *People v. Curtis*, 681 P.2d 504, 514 (Colo. 1984))).

¶28 By not raising the statute's alleged constitutional defects at trial, Johnson failed to preserve the issue. Because Johnson neither waived her vagueness challenges nor timely asserted them, she forfeited the issue. *See id.* at ¶ 40, 416 P.3d at 902. We review forfeited constitutional challenges for plain error. *Id.* at ¶ 47, 416 P.3d at 903.

## 2. No Plain Error

¶29 An error is plain when it is obvious, substantial, and "so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Id.* at ¶ 48, 416 P.3d at 903.

12

¶30 As the trial transcript shows, and the subsequent proceedings in this case confirm, the alleged constitutional infirmity was not obvious. Johnson hasn't identified, nor have we found, any case law that would make the statute unconstitutionally vague as applied to her. Moreover, before our decision today, there wasn't a legal definition for the term "transfer." So, any purported error in failing to identify the statute as constitutionally vague wasn't obvious and doesn't constitute plain error.

¶31 Our resolution of this issue eliminates the need to address the third issue on which we granted certiorari.

### III. Conclusion

¶32 We affirm the judgment of the court of appeals.