24CA1413 Peo v Olaveson 09-25-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1413
Larimer County District Court No. 23CR5249
Honorable Joseph D. Findley, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James Christopher Olaveson,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE JOHNSON
Harris and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 25, 2025

Philip J. Weiser, Attorney General, Brenna Brackett, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Dion J. Custis, P.C., Dion J. Curtis, Cheyenne, Wyoming, for Defendant-Appellant

¶ 1     Defendant, James Christopher Olaveson (Olaveson), appeals his convictions for vehicular eluding and driving under the influence. We affirm.

## I.     Background

¶ 2     Olaveson represented himself at a bench trial, where the district court could have reasonably found the following facts from the evidence introduced.

¶ 3     Olaveson drank several beers, played loud music, and intermittently revved his motorcycle late one night. After midnight, a neighbor called 911 and reported the noise. The police responded to Olaveson's home address. Officer David Wilson (Officer Wilson) saw Olaveson sitting on his motorcycle in front of the house, waving to the officer and then swerving as he rode away down the street. Officer Wilson followed Olaveson in his patrol car and turned on its flashing lights to attempt a traffic stop. Olaveson looked at Officer Wilson then sped away, still swerving. Officer Wilson did not follow.

¶ 4     A few minutes later, four officers found Olaveson at his house, drinking a beer on the front porch near a few empty beer bottles. There were additional empty beer bottles on the kitchen island. Officers observed that Olaveson's speech was slurred, his eyes were

1

glassy, his balance was unsteady, and he smelled of alcohol. Olaveson refused to perform roadside maneuvers and to submit to a chemical test of his breath or blood.

¶ 5 Olaveson was charged with vehicular eluding and driving under the influence (DUI). The case proceeded to a jury trial, where Olaveson was represented by counsel, but the jury was unable to reach a verdict on either count, and the district court declared a mistrial. Olaveson subsequently waived his rights to counsel and to a jury trial. A bench trial followed, and the court found Olaveson guilty as charged and sentenced him to two years of probation, with twenty days of jail time and sixty hours of public service.

¶ 6 On appeal, Olaveson contends that (1) the evidence was insufficient to support his convictions; and (2) the court abused its discretion by failing to sua sponte exclude "bolstering" testimony. We reject these contentions.

## II. Sufficiency of the Evidence

¶ 7 As to both charges, Olaveson specifically contends that the prosecution failed to present sufficient evidence to show he had been operating a motor vehicle. We disagree.

## A. Standard of Review

¶ 8    "[S]ufficiency of the evidence claims may be raised for the first time on appeal and are not subject to plain error review." *McCoy v. People*, 2019 CO 44, ¶ 27. Accordingly, appellate courts should review unpreserved sufficiency claims de novo. *Id.* Specifically, "we review the record de novo to determine whether the prosecution has met its burden of proof with respect to each element of the crime[s] charged." *Martinez v. People*, 2015 CO 16, ¶ 22.

¶ 9    For each charge, we consider whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a reasonable conclusion that the defendant is guilty of the charge beyond a reasonable doubt. *McCoy*, ¶ 63. We give the prosecution the benefit of every reasonable inference that may be fairly drawn from the evidence and defer to the factfinder's resolution of any conflicting or inconsistent evidence. *People v. Perez*, 2016 CO 12, ¶ 25; *see People v. Johnson*, 2021 COA 102, ¶ 24, *aff'd on other grounds*, 2023 CO 7.

## B. Vehicular Eluding

¶ 10    The vehicular eluding statute provides that

> [a]ny person who, while operating a motor vehicle, knowingly eludes or attempts to elude a peace officer also operating a motor vehicle, and who knows or reasonably should know that he . . . is being pursued by said peace officer, and who operates his . . . vehicle in a reckless manner, commits vehicular eluding.

§ 18-9-116.5(1), C.R.S. 2025.

¶ 11    We first consider whether the evidence is substantial and sufficient to show that Olaveson operated a motor vehicle.  Officer Wilson testified that he saw Olaveson operating a motorcycle, noting that the person he saw riding had been wearing a long-sleeved black shirt and ripped blue jeans — the same clothes Olaveson was wearing when Officer Wilson approached him on the porch a few minutes later.  The district court explicitly said that it believed Officer Wilson's testimony, which was corroborated by (1) a police sergeant's testimony that a motorcycle in Olaveson's driveway was warm and making a "tick tick" sound when he arrived at Olaveson's house; and (2) Officer Wilson's body camera footage, which was published at trial and showed Olaveson's clothing, the motorcycle, and Officer Wilson's first question to Olaveson — asking why Olaveson "flew off" when he tried to initiate a traffic stop.  Deferring to the court's credibility findings, we conclude that ample

evidence supports the court's finding that Olaveson was operating a motor vehicle.

¶ 12    We further conclude that the evidence was sufficient to demonstrate the remaining elements of vehicular eluding. Officer Wilson's testimony that Olaveson "looked back at [him], saw [his] lights and then continued to drive away at a high rate of speed in a reckless manner, swerving back and forth" sufficiently establishes that Olaveson knowingly eluded Officer Wilson, reasonably should have known that he was being pursued by Officer Wilson, and rode his motorcycle in a reckless manner. *See id.*

¶ 13    We are not persuaded by Olaveson's arguments that the evidence was insufficient because (1) Officer Wilson's testimony was allegedly inconsistent; (2) the evidence presented in this case was based on speculation or guessing; and (3) the jury's inability to reach a verdict in the first trial demonstrates that there was insufficient evidence to support Olaveson's convictions in the second trial. First, to the extent Officer Wilson's testimony was inconsistent, we must defer to the factfinder's resolution of any conflicting evidence. *See Perez*, ¶ 25; *Johnson*, ¶ 24. Second, we reject Olaveson's conclusory argument that the evidence was

generally based on speculation — he points to no particular evidence. Instead, there was an eyewitness account to the contrary, and recorded audiovisual evidence presented at trial reveals no obvious support for this claim. *See People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) (declining to address issues presented "in a perfunctory or conclusory manner"). And third, the outcome of Olaveson's first trial has no bearing on the sufficiency of the evidence presented at his second trial. *See, e.g., Clark v. People*, 232 P.3d 1287, 1291-92 (Colo. 2010) (for a sufficiency question, it does not matter if a different trier of fact could have reached a different conclusion).

¶ 14     We conclude that the prosecution presented substantial and sufficient evidence to support Olaveson's conviction for vehicular eluding.

## C.     DUI

¶ 15     Under section 42-4-1301(1)(a), C.R.S. 2025, "[a] person who drives a motor vehicle or vehicle under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, commits driving under the influence." A driver is "under the influence" when the person

has consumed alcohol or one or more drugs, or a combination of alcohol and one or more drugs, that affects the person to a degree that the person is substantially incapable, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle.

§ 42-4-1301(1)(f).

¶ 16    For the reasons explained in Part II.B., we conclude that the prosecution met its burden of proof as to driving a motor vehicle. We further conclude that the evidence was substantial and sufficient to show that Olaveson did so while under the influence of alcohol.  Multiple police officers testified about observing Olaveson's drinking, his indicia of impairment mere minutes after Officer Wilson saw him riding his motorcycle, and the presence of empty beer bottles on the porch and in the kitchen.  The published bodycam footage, showing Olaveson's altered speech and movement, corroborates this testimony.  And the trier of fact was permitted to infer that Olaveson's refusal to take a chemical test supported his consciousness of guilt of being intoxicated.  *See Fitzgerald v. People*, 2017 CO 26, ¶ 21.

¶ 17    Therefore, we conclude that the prosecution presented substantial and sufficient evidence to support Olaveson's DUI conviction.

### III.   Alleged "Bolstering"

¶ 18    Next, Olaveson contends that the district court erred by allowing officers to testify about how well other officers performed their jobs.  Because Olaveson did not object to the officers' testimony, we review for plain error.  Under this standard, any reversible error must be obvious and substantial, meaning it "so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Phillips v. People*, 2019 CO 72, ¶ 39.  We perceive no plain error.

¶ 19    Even assuming that the admission of the challenged testimony was obvious error, we cannot conclude that the fairness of Olaveson's trial was undermined as a result for three reasons.

¶ 20    First, in a bench trial such as Olaveson's, we generally presume that the prejudicial effect of any improperly admitted evidence is innocuous because the district court will disregard that evidence in reaching its conclusions.  *Liggett v. People*, 135 P.3d 725, 733 (Colo. 2006).  Second, the district court took some care to

explain its rationale for the verdicts, and it did not mention anything related to the challenged testimony. Finally, the challenged testimony was brief, and the evidence of guilt, as described throughout this opinion, was considerable. *See People v. Herron*, 251 P.3d 1190, 1198 (Colo. App. 2010) (concluding that any error in improperly admitting evidence was harmless when abundant evidence supported the guilty verdicts).

¶ 21    In sum, we conclude that any error in admitting the challenged testimony was not substantial and, therefore, did not constitute plain error.

### III.    Conclusion

¶ 22    The judgment is affirmed.

JUDGE HARRIS and JUDGE SCHOCK concur.