24CA0619 Peo v Goin 11-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0619
Jefferson County District Court No. 22CR1719
Honorable Ryan P. Loewer, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Justin Lee Goin,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE DUNN
Lipinsky and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 26, 2025

---

Philip J. Weiser, Attorney General, Erin K. Grundy, First Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Molly E. Bramble, Deputy
State Public Defender, Golden, Colorado, for Defendant-Appellant

¶ 1    Defendant, Justin Lee Goin, appeals his convictions for third degree assault and obstructing a peace officer. He argues that insufficient evidence supports his judgment of conviction. Because we disagree, we affirm.

## I.    Background

¶ 2    One summer day, two agents with the Lakewood Police Department, James Steelman and Ryan Siert, were dispatched to West Colfax Avenue to execute an arrest warrant for Goin. As the agents approached him, Goin ran. Goin ignored commands to stop running. Goin, however, fell, and the agents caught up to him. A brief struggle ensued when the agents attempted to take Goin into custody. Agent Steelman said that, during the struggle, Goin struck him in the face and kneed him in the midsection. The short encounter was captured on Agent Steelman's bodycamera footage.

¶ 3    The prosecution charged Goin with second degree assault of a peace officer and second degree assault of a peace officer while lawfully confined or in custody. Before closing argument, the court agreed to instruct the jury on the lesser included offenses of third degree assault and obstructing a peace officer, as well as the lesser nonincluded offense of resisting arrest. In closing argument,

defense counsel conceded that Goin was "trying to get out of custody," "obstructing," and "resisting," but she asked the jury to reject the assault charges because she said Goin's actions were not violent.

¶ 4 The jury rejected the more serious charges and convicted Goin of third degree assault, obstructing a peace officer, and resisting arrest. The district court merged the resisting arrest conviction into the third degree assault conviction and sentenced Goin to eighteen months of probation with a suspended six-month jail sentence.[1]

## II. Discussion

¶ 5 Goin contends that the evidence was insufficient to support his convictions for third degree assault and obstructing a peace officer.

### A. Standard of Review

¶ 6 We review claims challenging the sufficiency of the evidence de novo to determine whether the evidence was sufficient both in quantity and quality to sustain the conviction. *Johnson v. People,*

---

[1] It is not clear from the record why the court merged the lesser nonincluded resisting arrest conviction into the third degree assault conviction.

2023 CO 7, ¶ 13.  We consider whether the relevant evidence, when viewed as a whole and in the light most favorable to the prosecution, is "substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt."  *Id.* (citation omitted).

## B.    Third Degree Assault

¶ 7    Goin says that insufficient evidence supported his third degree assault conviction because the evidence "directly contradict[ed] a finding that [he] acted knowingly or recklessly" or that he "caused any injury" to Agent Steelman.[2]  We disagree.

¶ 8    The court agreed to instruct the jury on the lesser included offense of third degree assault.  As charged in this case, a person commits third degree assault if the person "recklessly causes bodily injury to another person."  § 18-3-204(1)(a), C.R.S. 2025.  "A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists."  § 18-1-501(8), C.R.S. 2025.  Bodily injury "means physical

---

[2] As presented to the jury, the third degree assault charge did not allege that Goin acted knowingly.  We therefore do not address whether the evidence was sufficient to support a finding that Goin acted knowingly.

pain, illness, or any impairment of physical or mental condition." § 18-1-901(3)(c), C.R.S. 2025.

¶ 9    Agent Steelman testified that, while he and Goin were struggling on the ground, Goin hit him in the face and kneed him in the midsection "as hard as he could from th[at] range."  Agent Steelman testified that each action caused him pain.  Agent Siert testified that, after the struggle, Agent Steelman was rubbing his face and said that Goin had punched him in the face.  Along with the agents' testimony, the jury saw Agent Steelman's bodycam footage.

¶ 10    Viewing this evidence in the light most favorable to the prosecution, we conclude it was sufficient for a reasonable jury to find that Goin recklessly caused bodily injury to Agent Steelman. *See People v. Black*, 2020 COA 136, ¶¶ 36-39 (evidence establishing that the defendant scratched a police officer and caused him pain was sufficient for a third degree assault conviction).  Indeed, by physically struggling with Agent Steelman, a jury could reasonably infer that Goin consciously disregarded a substantial risk that he would injure the agent.  *See People v. Grant*, 174 P.3d 798, 812 (Colo. App. 2007) (stating that evidence about a defendant's mental

state may be inferred from the defendant's conduct); *see also People v. Hall*, 999 P.2d 207, 220 (Colo. 2000) (noting that a fact finder may infer the defendant's awareness of a risk from what a reasonable person would have understood under the circumstances).

¶ 11　　To the extent that Goin maintains that he did not hit Agent Steelman, that the agent was injured in some other way, and that he could not have formed the required mental state during the short incident, it was up to the jury — not us — to weigh the evidence and resolve any evidentiary conflicts. *See People v. Perez*, 2016 CO 12, ¶ 31 ("A court must not invade the province of the jury by second-guessing its conclusion when the record supports the jury's findings."). That the jury rejected Goin's version of events does not make the evidence insufficient to support the conviction.

### C.　　Obstructing a Peace Officer

¶ 12　　Goin argues that the evidence did not support the obstructing a peace officer conviction because he claims that he was compliant and "did not actually hinder police activity." We again disagree.

¶ 13　　As relevant here, a person commits the crime of obstructing a peace officer if, by using or threatening to use violence, force,

physical interference, or an obstacle, he "knowingly obstructs, impairs, or hinders the enforcement of the penal law . . . by a peace officer, acting under color of his or her official authority." § 18-8-104(1)(a), C.R.S. 2025.

¶ 14 Viewed in the light most favorable to the prosecution, evidence that Goin ran from the agents, ignored commands to stop, and physically struggled with the agents — corroborated by contemporaneous bodycam footage — was sufficient to support a finding that Goin obstructed a peace officer. *See Dempsey v. People*, 117 P.3d 800, 811-13 (Colo. 2005) (concluding that sufficient evidence supported an obstruction conviction when the defendant was contacted by police, refused to provide identification, walked away from officers, reached into his pocket in a threatening manner, and struggled with officers as they attempted to place him into custody).

## III. Disposition

¶ 15 The judgment is affirmed.

JUDGE LIPINSKY and JUDGE KUHN concur.